**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT JACKSON**

**JULY 1998 SESSION**

FILED

**October 28, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| Appellee, | ) | C.C.A. No. 02C01-9710-CC-00400 |
| | ) | |
| vs. | ) | Benton County |
| | ) | |
| **WILLIAM E. BREWER,** | ) | Honorable Julian P. Guinn |
| | ) | |
| Appellant. | ) | (Assault; Aggravated Assault) |
| | ) | |

FOR THE APPELLANT:

DONALD E. PARISH
P.O. Box 229
Huntingdon, TN 38344

RONALD J. DARBY
127 Forrest Avenue South
Camden, TN 38320

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

CLINTON J. MORGAN
Assistant Attorney General
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243-0493

STEVE GARRETT
Assistant District Attorney General
P.O. Box 94
Paris, TN. 38242

OPINION FILED: _____

**AFFIRMED**

CURWOOD WITT, JUDGE

**OPINION**

The defendant, William E. Brewer, appeals the convictions for assault and reckless endangerment imposed by the Benton County Circuit Court. A jury found the defendant guilty of assaulting his wife, Cheryl Brewer, on September 4, 1996, as alleged in count (1) of the indictment, and it found him guilty of reckless endangerment, a lesser included offense of the September 6, 1996 assault of Cheryl Brewer alleged as aggravated assault in count (2). The trial court imposed concurrent sentences of eleven months and twenty-nine days on the assault conviction,[1] a Class A misdemeanor, and two years on the reckless endangerment conviction,[2] a Class E felony. In this direct appeal, the defendant challenges only the failure of the trial court to order the severance of the two counts and the effectiveness of counsel's assistance in not moving for severance prior to trial. After a review of the record, the briefs of the parties, and the applicable law, we affirm the judgment of the trial court.

The defendant and victim were husband and wife. The victim appeared at the Benton County Sheriff's Office in the wee hours of September 4, 1996 and complained that the defendant had hit her. The cheekbone beneath her eye was red. The victim obtained an order of protection which was served on the defendant later in the day on September 4. On September 6, the victim complained that, during her visit to the marital home, the defendant brandished a shotgun and he fired the weapon in her direction as she fled in her car. The defendant denied these assaults. He testified that the victim left the home on September 4 after the couple argued about the victim's late-night telephone conversation. The victim

_____

[1]The judgment expressed no percentage of the sentence that the defendant is required to serve. "If no percentage is expressed in the judgment, the percentage shall be considered zero percent (0%)." Tenn. Code Ann. § 40-35-302(d) (1997).

[2]The trial court indicated its willingness to favorably consider a motion to suspend the balance of the felony sentence upon service of 270 days provided the defendant successfully completed a rehabilitation program.

testified her nursing home employer called her to work, but the defendant testified the caller was a man with whom the victim had had an affair. The defendant essentially characterized the victim's complaints to the sheriff's office during the two days following the argument as her attempts to have him incarcerated. He viewed the September 6 complaint as a contrivance to implicate him in a violation of the order of protection. The jury obviously credited the state's proof.

The defendant filed no motion to sever the counts of the indictment. The defendant first complained of trial on the joined counts in his motion for new trial. Tennessee Rule of Criminal Procedure 14(a) provides that a defendant's motion for severance of offenses "must be made before trial, except that a motion for severance may be made before or at the close of all evidence if based upon a ground not previously known." There was no basis for a day-of-trial motion in the present case, and the defendant is caught squarely by the rule's provision that "[s]everance is waived if the motion is not made at the appropriate time." Tenn. R. Crim. P. 14(a); see also Tenn. R. Crim. P. 12(b)(5) (request for severance required to be filed before trial); Tenn. R. Crim. P. 12 (f) (issues not raised by pre-trial motion as required by rule 12(b) are waived). Accordingly, we conclude that the issue of severance was waived.

After trial, the defendant discharged his trial attorney. New counsel filed the motion for new trial. The motion's first ground is identical to the issue presented in this appeal -- that the trial court erred in trying counts (1) and (2) together. According to the order overruling the motion, the trial court heard counsel's arguments during a telephone conference. No evidence was submitted. The order further reflects that the "Defendant was allowed to amend by oral motion the first ground so as to allege that counsel for the Defendant was ineffective in failing to move the court to sever counts one and two of the indictment."

When an appeal challenges the effective assistance of counsel, the

3

appellant has the burden of establishing (1) deficient representation and (2) prejudice resulting from that deficiency. Strickland v. Washington, 466 U.S. 668, 686 (1984); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Deficient representation occurs when counsel provides assistance that falls below the range of competence demanded of criminal attorneys. Bankston v. State, 815 S.W.2d 213, 215 (Tenn. Crim. App. 1991). Prejudice is the reasonable likelihood that, but for deficient representation, the outcome of the proceedings would have been different. Overton v. State, 874 S.W.2d 6, 11 (Tenn. 1994). On review, there is a strong presumption of satisfactory representation. Barr v. State, 910 S.W.2d 462, 464 (Tenn. Crim. App. 1995).

When determining whether counsel's performance was deficient, "every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689. "Thus, the fact that a particular strategy or tactic failed or even hurt the defense does not, alone, support a claim of ineffective assistance." Cooper, 847 S.W. 2d 521, 528 (Tenn. Crim. App. 1992). We must defer to trial strategy and tactical choices when they are informed ones based upon adequate preparation. Id.

Moreover, on appeal, the findings of fact made by the trial court are conclusive and will not be disturbed unless the evidence contained in the record preponderates against them. Rhoden v. State, 816 S.W.2d 56, 60 (Tenn. Crim. App. 1991); Brooks v. State, 756 S.W.2d 288, 289 (Tenn. Crim. App. 1988). The burden is on the defendant to show that the evidence preponderates against those findings. Clenny v. State, 576 S.W. 2d 12, 14 (Tenn. Crim. App. 1978).

The defendant has failed to show that the evidence preponderates against the trial court's overruling the ineffective assistance grounds stated in the motion for new trial. Specifically, the record shows neither deficiency of trial

4

counsel's performance nor prejudice from any malfeasance. The import of the defendant's direct testimony is that the reckless endangerment charge is the result of the victim's false allegation of a September 6 assault designed to implicate the defendant in a violation of the September 4 order of protection. This court has not been favored with a transcript of opening statements or final arguments to the jury, and consequently we do not know what line of argument defense counsel pursued. However, counsel called the defendant to testify, and this testimony presented a plausible theory that the charges were the result of the victim's machinations to get the defendant out of the home and in jail. Such a theory, as a defense to the reckless endangerment charge, requires that the jury have knowledge of the earlier September 4 episode. A joint-trial strategy may well have accommodated this defense theory and will not now be second-guessed. The fact that the jury rejected the defendant's version is of no consequence. Furthermore, if defendant's counsel chose to posit a defense that linked the two offenses, there can be no prejudice resulting from any failure to move for a severance of offenses.

We have previously observed that a defendant who raises the ineffective assistance issue on direct appeal does so at his peril. State v. Robert Wayne Frantz, No. 03C01-9509-CC-00269, slip op. at 16 (Tenn. Crim. App., Knoxville, Feb. 6, 1998), appl. for perm. app. filed (Tenn. April 3, 1998); State v. Jimmy L. Sluder, No. 1236, slip op. at 7 (Tenn. Crim. App., Knoxville, May 14, 1990). This case illustrates the maxim. After raising the issue in his motion for new trial, the defendant declined to offer proof at a hearing on the motion, even though the burden rests upon the defendant to demonstrate ineffective assistance of counsel. The absence of an evidentiary hearing makes it "practically impossible" to show prejudice necessary to making out an ineffective assistance claim. Strickland, 466 U.S. at 687; see also Kirby George Wallace v. State, No. 01C01-9308-CC-00275 (Tenn. Crim. App., Nashville, Sept. 15, 1994). Although we would have preferred that the trial court make specific findings about the effective assistance of counsel when it overruled the motion for new trial, the record is so

5

devoid of any indication of ineffective assistance that a remand for specific findings of fact would be pointless.

The judgment of the trial court is affirmed.

_____
CURWOOD WITT, Judge

CONCUR:

_____
JOE G. RILEY, Judge

_____
ROBERT W. WEDEMEYER, Special Judge