IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 15, 2001

## J. D. LANDERS  v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Perry  County**
**No. 632, Timothy L. Easter, Judge**

---

**No. M2001-00319-CCA-R3-PC - Filed November 16, 2001**

---

J.D. Landers appeals from the Perry County Circuit Court's denial of his petition for post-conviction relief.  He seeks to set aside his conviction and guilty plea because he was not provided the effective assistance of counsel and did not knowingly, voluntarily and intelligently enter his guilty plea. Because the trial court properly dismissed the petition, we affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which DAVID H. WELLES and JOE G. RILEY, JJ., joined.

Debera Bell-Beam, Linden, Tennessee, for the Appellant, J. D. Landers.

Paul G. Summers, Attorney General & Reporter; Thomas E. Williams, III, Assistant Attorney General; William Edward Gibson, District Attorney General; and Jeffrey L. Long, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

The petitioner is serving a ten-year sentence in the Department of Correction for his conviction of aggravated sexual battery.  He was originally charged with one count of rape, one count of incest, and six counts of aggravated sexual battery.  The remaining charges were dismissed upon entry of his best-interest guilty plea.  Despite this ostensibly favorable outcome, the petitioner claims that he had no choice but to plead guilty because his trial counsel failed to investigate the case and prepare for trial.  He also claims that he was under the influence of medication at the time he entered his plea, is essentially illiterate, and was coached on the proper answers to give at the plea submission hearing.

In support of his claims, the petitioner offered his own testimony at the post-conviction hearing.  His testimony illustrated his claims in factual detail.  Relative to his complaints about the effectiveness of counsel, he claimed that counsel did not adequately investigate the case,

spoke with him infrequently, communicated with him through the defense investigator to the point that he believed the investigator was his attorney, coached him through the plea submission process, did not discuss the case or theories of defense with him, and allowed him to plead guilty even though he was under the influence of prescription medication. His claims relative to his guilty plea were that he is essentially illiterate, did not understand what he was doing, was under the influence of three Xanax pills, was erroneously advised by the defense investigator that his sentence would be served at 30 percent release eligibility rather than 85 percent, felt trapped because of counsel's inadequate efforts, and merely followed in the prompting given by counsel in answering questions at the plea submission hearing.

Landers offered the testimony of two family members at the hearing. In general, they claimed they were not contacted by the defense but would have cooperated had counsel or the investigator spoken with them. The petitioner's daughter, who is the victim's aunt, testified that the victim had admitted to an assistant district attorney that she was not telling the truth, but the victim reversed her position after the assistant asked her the same question over and over. The petitioner's daughter also claimed to trust the petitioner with her own daughter. The petitioner's son claimed that he could have offered testimony about familial relations and possible motives for accusing the petitioner, but he did not elaborate.

Defense counsel and the defense investigator, although testifying during the petitioner's case-in-chief, contradicted the petitioner's claims. Their testimony regarding the level of assistance provided was that they consulted with the petitioner on many occasions and covered many subjects pertinent to the case. The investigator handled communications regarding factual matters, and counsel handled communications regarding legal matters. The investigator gathered information and provided it to the psychiatric evaluator. He sent letters to witnesses who the petitioner identified, most of whom were character witnesses. Although the letters requested that the witnesses contact him, he received no response, and none of the letters were returned by the postal service. He attempted to meet with the victim's aunt at the courthouse, but through miscommunication they missed each other. He went over the medical reports and allegations with the petitioner. He investigated a possible lead that someone else committed the crime, but he discovered that the other suspect had been in prison at the time of the offense. Counsel testified that although the investigator had more communication with the petitioner than he did, he did communicate with the petitioner, particularly in matters surrounding the plea agreement. Counsel spoke with any potential witnesses who were in court on various dates. Counsel requested and received discovery. He was aware of the petitioner's limited literacy, and he went into great detail to make sure the petitioner understood things.

With respect to the guilty plea, both counsel and the investigator testified to facts greatly different from those illustrated by the petitioner. Although the petitioner initially insisted he was innocent, he later expressed his desire to enter into a settlement. He told the investigator that he did not want to put the victim through an ordeal. Counsel explained the petitioner's rights, the effect of a best-interest guilty plea, and sentencing to him, and he was satisfied that the petitioner understood these matters. Both he and the investigator were aware that the petitioner was taking

medication, but neither had any reason to believe the petitioner was impaired on the date of his guilty plea. Counsel claimed that the petitioner's plea was knowing, voluntary and intelligent, and he would not have allowed the guilty plea proceeding to continue if he believed otherwise. Further, he believed the judge who accepted the plea would have halted the proceedings had she believed the petitioner was not entering the plea freely and intelligently. Counsel acknowledged that the plea agreement calls for a Range I sentence; however, the petitioner was advised by the judge at the plea submission hearing that he would have to serve at least 85 percent of his sentence before parole eligibility.

A transcript of the plea submission hearing was also received at the post-conviction hearing. It reflects that the petitioner acknowledged and understood his rights, was satisfied with the services of counsel, understood the agreement, and understood the sentence and the release eligibility. The petitioner claimed at that time he was not under the influence of alcohol or illegal drugs, and he had not taken any prescription or over-the-counter medications. The petitioner also claimed that there was nothing wrong with him that might affect his ability to think or make decisions for himself. The transcript reflects that the petitioner claimed to be entering his plea freely and voluntarily and after consultation with counsel. Although the petitioner did not agree with the veracity of the state's proof, he acknowledged that the factual recitation by the state would be sufficient, if proven, to convict him and that it was in his best interest to plead guilty. The defendant acknowledged that his best-interest plea to one count of a multiple-count indictment was a good deal.

After receiving the evidence and written arguments from the parties, the post-conviction court found that the petitioner had failed to sustain his burden of proof on both the ineffective assistance and involuntary plea claims. In so finding, the court discredited the petitioner's testimony and accredited that of trial counsel and his investigator. The court also found that the family members who testified for the petitioner at the post-conviction hearing proved to have little information that would have been helpful to the petitioner's case. The post-conviction court denied relief.

The petitioner then filed this appeal in which he claims error in the post-conviction court's determination that he was afforded the effective assistance of counsel and that he knowingly, voluntarily and intelligently entered his guilty plea. In post-conviction proceedings, the petitioner has the burden of proving the claims raised by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f) (1997). On appeal, the lower court's findings of fact are reviewed *de novo* with a presumption of correctness that may only be overcome if the evidence preponderates against those findings. *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).

# I

We consider first the ineffective assistance of counsel claim. When a petitioner challenges the effective assistance of counsel, he has the burden of establishing (1) deficient representation and (2) prejudice resulting from that deficiency. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 2064 (1984); *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975).

Deficient representation occurs when counsel provides assistance that falls below the range of competence demanded of criminal defense attorneys. *Bankston v. State*, 815 S.W.2d 213, 215 (Tenn. Crim. App. 1991). Prejudice is the reasonable likelihood that, but for deficient representation, the outcome of the proceedings would have been different. *Overton v. State*, 874 S.W.2d 6, 11 (Tenn. 1994). In the context of a guilty plea, prejudice is shown where, but for counsel's deficient performance, the outcome of the plea process would have been different. *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985); *House v. State*, 44 S.W.3d 508, 516 (Tenn. 2001). Proof of prejudice is established when the petitioner demonstrates "that there is a reasonable probability that, but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59, 106 S. Ct. at 370. On review, there is a strong presumption of satisfactory representation. *Barr v. State*, 910 S.W.2d 462, 464 (Tenn. Crim. App. 1995).

In this case, the petitioner failed to carry his burden of proving his claims of ineffective assistance of counsel by clear and convincing evidence. On our review of the record, we are unconvinced that the evidence preponderates otherwise. The issue in this case is largely one of witness credibility. The post-conviction court found the petitioner's testimony incredible when measured against that of counsel and the defense investigator. We cannot say that the evidence of record compels a different result. Accordingly, we hold that the post-conviction court properly denied relief.

## II

The petitioner's remaining claim is that his guilty plea was not knowingly, voluntarily and intelligently entered. When reviewing the entry of a guilty plea, the overriding concern is whether the plea is knowingly, voluntarily and understandingly made. *Boykin v. Alabama*, 395 U.S. 238, 242-44, 89 S. Ct. 1709, 1712 (1969). "A plea is not 'voluntary' if it is the product of 'ignorance, incomprehension, coercion, terror, inducements, [or] subtle or blatant threats. . . .'" *Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993) (quoting *Boykin*, 395 U.S. at 242-43, 89 S. Ct. at 1712). Moreover, a plea cannot be voluntary if the defendant is "incompetent or otherwise not in control of his mental facilities" at the time it is entered. *Id.* at 904-05 (quoting *Brown v. Perini*, 718 F.2d 784, 788 (6th Cir. 1983)).

In this case, the post-conviction court found petitioner failed to sustain his burden of proof with respect to his factual allegations about his guilty plea. Based on credible proof to the contrary, the court rejected the petitioner's claim that he was under the influence of medication or unable to understand the proceedings and make intelligent decisions. The court also found that the petitioner was fully advised of his rights and was able to understand the plea agreement into which he entered. Upon review of the record, the evidence does not preponderate to the contrary. We therefore hold that the post-conviction court properly denied relief on this claim.

Because the petitioner has failed to establish error in the lower court's dismissal of his post-conviction claim, we affirm.

-4-

_____
JAMES CURWOOD WITT, JR., JUDGE