Terry Lewis **BARR**, Appellant,

v.

**STATE of Tennessee**, Appellee.

Court of Criminal Appeals of Tennessee, at Nashville.

May 17, 1995.

**OPINION**

SUMMERS, Judge.

The appellant Terry Lewis Barr appeals from the judgment of the Criminal Court at Davidson County dismissing his petition for post-conviction relief. He raises the following issues for our review: 1) whether he has been deprived of equal protection and due process, 2) whether a Tennessee Supreme Court case filed after Barr's case became final should apply retroactively to his case, and 3) whether the trial court erred in denying Barr's claim of ineffective assistance of counsel.

We affirm the judgment of the trial court.

Barr and Carolyn J. Clark, formerly roommates, were apparently indicted and tried in separate cases. The court denied their motions to suppress evidence seized at their residence. Barr was convicted by a jury of armed robbery. He was adjudged a habitual criminal and sentenced to life imprisonment. Barr appealed his conviction to this Court, contending that the search prior to the arrival of the search warrant was unconstitutional and that the court should have suppressed evidence that was seized pursuant to it. This Court held that the search was constitutional and affirmed the conviction. *State v. Barr*, 1990 WL 75108 (Tenn.Crim.App.1990). Clark was convicted of several offenses based at least in part on evidence seized as a result of the same search. Clark appealed her convictions, contending that the evidence used to convict her was seized pursuant to an unconstitutional search. This Court found that the search was unconstitutional. *State v. Clark*, 1991 WL 113575 (Tenn.Crim.App. 1991). The Tennessee Supreme Court affirmed. *State v. Clark*, 844 S.W.2d 597 (Tenn.1992).

In the post-conviction proceedings, Barr contended that his equal protection and due process rights were violated as a result of the Supreme Court's determination that the search was unconstitutional in Clark's case since it was the same search determined to be constitutional in his case. The trial court found that the constitutionality of the search was previously determined. *See* T.C.A. § 40–30–112(a) (1990); *Harvey v. State*, 749

Larry B. Hoover, Nashville, for Appellant.

Charles W. Burson, Attorney General and Reporter, Kimbra R. Spann, Counsel for the State, Criminal Justice Division, Nashville, Victor S. (Torry) Johnson III, District Attorney General, Tom Thurman, Asst. Dist. Attorney General, Nashville, for Appellee.

S.W.2d 478, 479 (Tenn.Crim.App.1987). We agree that the constitutionality of the search has been previously determined.

On appeal, Barr contends that the issue before the Court on direct appeal concerned the constitutionality of the search, but that the issue before the trial court on post-conviction was whether his equal protection and due process rights have been violated because of the inconsistent results reached by this Court in his case and the Supreme Court in Clark's case. We find no violation of Barr's constitutional rights. Barr was afforded requisite due process both at trial and on appeal. He does not have an unqualified constitutional right to retroactive application of subsequent case law once his case becomes final. *Meadows v. State,* 849 S.W.2d 748, 753–55 (Tenn.1993).

Barr next contends that this Court should retroactively apply the Tennessee Supreme Court's ruling announced in *Clark* to his case. Retroactive application of a new state constitutional rule is necessary in post-conviction cases when the rule enhances the integrity and reliability of the fact-finding process of the trial. *Id.* at 755. "[A] case announces a new rule when it breaks new ground or imposes a new obligation on the States or the Federal Government." *Id.* at 751 (quoting *Teague v. Lane,* 489 U.S. 288, 301, 109 S.Ct. 1060, 1070, 103 L.Ed.2d 334 (1989)). "[A] case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final." *Id.* (emphasis in original). The Tennessee Supreme Court did not announce a new rule of state constitutional law in *Clark.* Accordingly, this issue is without merit.

Barr next contends that his attorney, Virginia Storey, rendered ineffective assistance of counsel because she failed to obtain an evaluation to determine his competency to stand trial. In a post-conviction case, the burden is on the petitioner to prove his allegations by a preponderance of the evidence. *Oliphant v. State,* 806 S.W.2d 215, 218 (Tenn.Crim.App.1991). The appropriate test for determining whether counsel provided effective assistance at trial is whether his or her performance was within the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose,* 523 S.W.2d 930, 936 (Tenn.1974). In *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court held that a convicted defendant's claim that counsel's assistance was so defective as to require a reversal of a conviction requires that the defendant show, first, that counsel's performance was deficient and, second, that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. *Id.* at 687, 104 S.Ct. at 2064. In order to prove a deficient performance by counsel, a defendant must prove that counsel's representation fell below an objective standard of reasonableness. *Id.* at 688, 104 S.Ct. at 2064. A reviewing court must indulge in a strong presumption that counsel's conduct falls within the wide range of professional assistance. *Id.* at 689, 104 S.Ct. at 2065. In order to prove prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Id.* at 694, 104 S.Ct. at 2067. A reasonable probability is probability sufficient to undermine confidence in the outcome. *Id.*

During the sixties and seventies, Barr attended college for approximately three and one-half years and served in the military for three years. Barr testified that he was arrested in 1976 and sent to a state mental hospital for a mental evaluation. He testified that he was diagnosed as psychotic, paranoid, and paranoid schizophrenic. His competency to stand trial was not determined because he pled guilty. Barr testified that he has several armed robbery convictions in which the issue of his competency was not raised. He testified that he is presently taking medication for his nerves. Barr testified that he told Storey that he was not guilty because he was not there and that he had an alibi. He testified that he does not feel that Storey should have raised the insanity defense; rather, she should have researched all the issues to determine the best defense. Storey testified that she met with Barr frequently to discuss the case and that Barr took an active role concerning the issues involved. She tes-

tified that Barr appeared very bright, intelligent, and knowledgeable of the facts in the case. Storey also testified that she saw nothing to indicate that Barr had mental problems. She testified that she could not remember if Barr told her that he was evaluated in 1976. She testified that the appropriate defense was mistaken identity.

The trial judge rejected Barr's claim. He found that the assistance provided by Ms. Storey was well within the range of competence of attorneys in criminal cases. The trial court's findings of fact are binding on appeal unless the evidence preponderates otherwise. *Long v. State,* 510 S.W.2d 83, 86 (Tenn.Crim.App.1974). The evidence does not preponderate against the finding of the trial court. The trial court also found that Barr failed to establish that he was prejudiced by Storey's representation. We agree. Barr failed to present evidence to establish that he was prejudiced by the alleged errors of Storey. Accordingly, this issue is without merit.

**AFFIRMED.**

SCOTT, P.J., and JONES, J., concur.