IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 27, 2001

## THOMAS PAUL GAGNE, JR. v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Knox County**
**No. 67654     Ray L. Jenkins, Judge**

---

**No. E2000-03073-CCA-R3-PC**
**July 25, 2001**

---

Thomas Paul Gagne, Jr. appeals the denial of his petition for post-conviction relief in which he alleged he received the ineffective assistance of counsel in his conviction proceedings, which ultimately caused him to plead guilty rather than take his case to trial. Gagne is serving an effective term of two consecutive life sentences consecutively to a prior twelve-year sentence. His petition involves his convictions upon guilty pleas for crimes of larceny, theft, aggravated burglary and two counts of felony murder. Following an evidentiary hearing, the lower court ruled that Gagne failed to establish his ineffective assistance claim. We hold that he has failed to demonstrate the error of that ruling, and we therefore affirm the lower court's dismissal of the petition.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON and ROBERT W. WEDEMEYER, JJ., joined.

Albert J. Newman, Jr., for the Appellant, Thomas Paul Gagne, Jr.

Paul G. Summers, Attorney General & Reporter; Patricia C. Kussman, Assistant Attorney General; Randall E. Nichols, District Attorney General; William H. Crabtree, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

In the conviction proceedings, Gagne faced the death penalty for the two homicides. Therefore, two members of the bar were appointed to defend him, Brandt Davis and Kimberly Parton. In this action, Gagne attacks only the effectiveness of Davis's representation. He concedes that he finds no fault with Parton's services.

At the post-conviction hearing, Gagne's complaints were generally that Davis failed to communicate with him about his investigation and preparation of the case for trial and that he had no confidence that Davis had prepared the case for trial. Gagne claimed that although he was

innocent, he admitted guilt at the plea submission hearing because he was scared that he would have to go to trial with unprepared counsel. Had he believed Davis was prepared, he would have insisted upon going to trial.

To controvert Gagne's proof, the state presented the testimony of both of Gagne's trial attorneys. Their testimony painted a markedly different picture. According to counsel, over 500 hours of attorney time were devoted to investigation and preparation of the case and consultation with the petitioner. Contrary to Gagne's claim of innocence, counsel testified that the state had inculpatory evidence in the form of multiple statements by the defendant and physical evidence. Parton testified that she and Davis had divided the responsibilities of the defense, and that while Davis was primarily responsible for investigation and trial preparation, her primary duties were communication with Gagne. Parton said that she met extensively with Gagne and kept him informed of the progress and status of his case. Further, both attorneys testified about several meetings they both had with Gagne. The state's evidence demonstrated that Gagne had been actively interested in pleading guilty for some time, and Parton pursued a plea offer from the state on Gagne's request. Both attorneys testified that the petitioner entered into his plea agreement knowingly and voluntarily. Both attorneys felt that it had been in Gagne's best interests to plead guilty. Parton testified that she was aware that Gagne had been dissatisfied with Davis's representation, but she believed Gagne had overcome his dissatisfaction by the time he entered his pleas.

After receiving all the proof, the post-conviction court found the testimony of Gagne's trial attorneys credible and rejected the veracity of Gagne's testimony. The court held that Gagne failed to sustain his burden of proving his claim of ineffective assistance of counsel and dismissed the petition.

This appeal followed.

When a petitioner challenges the effective assistance of counsel, he has the burden of establishing (1) deficient representation and (2) prejudice resulting from that deficiency. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 2064 (1984); *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Deficient representation occurs when counsel provides assistance that falls below the range of competence demanded of criminal attorneys. *Bankston v. State*, 815 S.W.2d 213, 215 (Tenn. Crim. App. 1991). Prejudice is the reasonable likelihood that, but for deficient representation, the outcome of the proceedings would have been different. *Overton v. State*, 874 S.W.2d 6, 11 (Tenn. 1994). When it is alleged that the ineffective assistance of counsel resulted in a guilty plea, the burden is upon the defendant to establish the prejudice prong of *Strickland* by proving that "there is a reasonable probability that but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985). On review, there is a strong presumption of satisfactory representation. *Barr v. State*, 910 S.W.2d 462, 464 (Tenn. Crim. App. 1995).

In post-conviction proceedings, the petitioner has the burden of proving the claims raised by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f) (1997). On appeal, the

lower court's findings of fact are reviewed *de novo* with a presumption of correctness that may only be overcome if the evidence preponderates against those findings. *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. Crim. App. 2001).

Gagne claims in this appeal that the lower court was in error in finding that he was effectively represented in the conviction proceedings. He focuses upon the alleged lack of communication with Davis which led him to believe that Davis was unprepared for trial. However, the lower court accredited the state's evidence that Gagne was well informed about his case and his attorneys' preparation for trial, thereby rejecting Gagne's evidence that he was ignorant of his attorneys' efforts and scared Davis was unprepared for trial.

Upon review, the evidence of record does not preponderate against the lower court's determination that Gagne received the effective assistance of counsel and therefore is not entitled to avoid his plea agreement. There is ample evidence of record to support the court's ruling. The judgment of the lower court is therefore affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE