IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 21, 2001

## LARRY N. WILSON v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 98-C-1651 & 98-C-2307     Cheryl Blackburn, Judge**

<hr>

**No. M2001-00022-CCA-R3-PC - Filed December 28, 2001**

<hr>

The post-conviction petitioner, Larry N. Wilson, seeks to set aside his four Davidson County Criminal Court convictions of aggravated robbery and his effective 24-year sentence. The convictions were based on guilty pleas. In his post-conviction proceeding, he posited that the pleas were involuntarily or unknowingly made and that they were the result of the ineffective assistance of counsel. After an evidentiary hearing, the post-conviction court denied relief. Concluding that the record supports that determination, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JOHN EVERETT WILLIAMS, JJ., joined.

Mike Anderson, Nashville, Tennessee, for the Appellant, Larry N. Wilson.

Paul G. Summers, Attorney General & Reporter; J. Ross Dyer, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Roger Moore, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

On January 28, 1999, the petitioner entered into a plea-bargaining agreement. By its terms, he pleaded guilty to four counts of aggravated robbery and accepted three concurrent sentences of twelve years each, to run consecutively to a fourth twelve-year sentence. This effective sentence of 24 years was to run consecutively to a Sumner County twelve-year sentence. The state agreed to dismiss one count of aggravated robbery, a count of attempted aggravated robbery, and a count of aggravated assault.

The defendant filed a timely petition for post-conviction relief. The post-conviction court ordered the preparation of a transcript of the plea submission hearing and conducted an evidentiary hearing, during which the petitioner's trial counsel and the petitioner testified and the

plea submission transcript was admitted as an exhibit. The petitioner's testimony was, in a word, inarticulate. He failed to elaborate upon his post-conviction claims, except to assert first that, had he submitted an open plea, he would have received a lesser sentence at the hands of the trial judge, and second that he was influenced to plead because the guilty plea of his co-defendant was simultaneously submitted to the trial court. The post-conviction court made extensive written findings, in which it reviewed and rejected the petitioner's claims that his guilty pleas were involuntary or unknowing and that his trial counsel was ineffective. The petitioner timely appealed the court's denial of post-conviction relief.

The post-conviction petitioner bears the burden of proving his or her allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f) (1997). On appeal, the appellate court accords to the trial court's findings of fact the weight of a jury verdict, and these findings are conclusive unless the evidence preponderates against them. *Henley v. State*, 960 S.W.2d 572, 578-79 (Tenn. 1997); *Bates v. State*, 973 S.W.2d 615, 631 (Tenn. Crim. App. 1997). By contrast, the trial court's conclusions of law receive no deference or presumption of correctness on appeal. *Fields v. State*, 40 S.W.3d 450, 453 (Tenn. 2001).

In this case, the petitioner argues that he was hampered by the ineffective assistance of trial and appellate counsel. When an appeal challenges the effective assistance of counsel, the appellant has the burden of establishing (1) deficient representation and (2) prejudice resulting from that deficiency. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 2065 (1984); *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Deficient representation occurs when counsel provides assistance that falls below the range of competence demanded of attorneys in criminal cases. *Bankston v. State*, 815 S.W.2d 213, 215 (Tenn. Crim. App. 1991). Prejudice is the reasonable likelihood that, but for deficient representation, the outcome of the proceedings would have been different. *Overton v. State*, 874 S.W.2d 6, 11 (Tenn. 1994). On review, there is a strong presumption of satisfactory representation. *Barr v. State*, 910 S.W.2d 462, 464 (Tenn. Crim. App. 1995).

When there is a claim that ineffective assistance of counsel resulted in a guilty plea, the two-part *Strickland v. Washington* test is modified slightly.

> In the context of guilty pleas, the first half of the *Strickland v. Washington* test is nothing more than a restatement of the standard of attorney competence already set forth in *Tollett v. Henderson*, [411 U.S. 258, 93 S. Ct. 1602 (1973)], and *McMann v. Richardson*, [397 U.S. 759, 90 S. Ct. 1441 (1970)]. The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Hill v. Lockhart*, 474 U.S. 52, 58-59, 106 S. Ct. 366, 370 (1985); *see Hicks v. State*, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998).

In addition to the claims of ineffective assistance of counsel, the petitioner claims that his guilty pleas were involuntary or unknowing. When reviewing the entry of a guilty plea, the overriding concern is whether the plea is knowingly, voluntarily and understandingly made. *Boykin v. Alabama*, 395 U.S. 238, 242-44, 89 S. Ct. 1709, 1712 (1969). "[A] plea is not 'voluntary' if it is the product of '[i]gnorance, incomprehension, coercion, terror, inducements, [or] subtle or blatant threats . . . .'" *Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993) (quoting *Boykin*, 395 U.S. at 242-43, 89 S. Ct. at 1712). Moreover, a plea cannot be voluntary if the defendant is "'incompetent or otherwise not in control of his mental facilities'" at the time it is entered. *Id*. at 904 (quoting *Brown v. Perini*, 718 F.2d 784, 788 (6th Cir. 1983)). To determine if a plea is voluntary and knowing, a court looks at factors such as

> the relative intelligence of the defendant; the degree of his familiarity with criminal proceedings; whether he was represented by competent counsel and had the opportunity to confer with counsel . . . ; the extent of advice from counsel and the court . . . ; and the reasons for his decision to plead guilty, including a desire to avoid a greater penalty . . . .

*Powers v. State*, 942 S.W.2d 551, 556 (Tenn. 1996) (quoting *Blankenship*, 858 S.W.2d at 904). "In evaluating the knowing and voluntary nature of the . . . pleas, this court must look to the totality of the circumstances." *Powers*, 942 S.W.2d at 556.

With these guidelines in mind, we review the petitioner's post-conviction claims.[1]

1. <u>Counsel failed to request discovery in Case No. 98-C-2307</u>.

At the post-conviction hearing, trial counsel testified that the petitioner admitted his guilt to the charged offenses and instructed counsel to negotiate a plea agreement. Counsel obtained full discovery for the offenses charged in indictment number 98-C-1651, the indictment that is the basis for three of the convictions. The state omitted from this indictment two other related offenses, aggravated robbery and aggravated assault, and charged these offenses in a new indictment, number 98-C-2307. Counsel requested no discovery on the new indictment because he learned of it the day before case number 98-C-1651 was scheduled for plea discussions; however, he received information on the new charges from the assistant district attorney general, the arresting officers, and the petitioner. He stated that the petitioner desired to proceed to plea negotiations on all of the pending charges.

---

[1]The claims listed below and raised on appeal are as presented in the amended petition filed by post-conviction counsel.

The post-conviction court found that trial counsel's representation of the petitioner "on these new charges was consistent with his performance on behalf of the [p]etitioner on his previous charges" and that the petitioner wanted the charges in both cases settled. The court found insufficient proof of deficient performance.

We agree that the petitioner failed to establish ineffective assistance on this issue; however, we base our conclusion upon the evidence admitted during the evidentiary hearing being devoid of any proof that counsel's failure to seek formal discovery in case number 98-C-1651 had any bearing upon his decision to plead guilty.[2]

## 2. Counsel failed to interview fact witnesses.

Trial counsel testified that he interviewed several fact witnesses, including arresting officers; however, he interviewed only one of the victims of the petitioner's crimes. He reviewed the warrants and relied upon the petitioner's admissions that the allegations were true.

The lower court found that the petitioner failed to contradict trial counsel's testimony and failed to prove his claims of deficient performance. We conclude that the petitioner failed to establish prejudice.[3] The petitioner failed to establish that he would not have pleaded guilty but for counsel's lack of preparation or that there was any information held by a putative witness that, if known, would have induced him to eschew the plea. *See Hill*, 474 U.S. at 59, 106 S. Ct. at 370 (decision whether to plead may turn "in large part on a prediction whether the [undiscovered] evidence likely would have changed the outcome of a trial").

## 3. Counsel failed to request a psychiatric evaluation.

During the preliminary hearing phase of the proceedings against the petitioner, trial counsel moved for and obtained a psychiatric evaluation of the petitioner at Vanderbilt Forensic Psychiatry, whose ensuing report revealed no incompetency to stand trial and no mental disease or defect that would support an insanity defense. Even though the defendant's pleas were not submitted until a few months after the evaluation, counsel saw no reason to seek further psychiatric testing. If anything, he believed that by the time of the plea submission hearing, the petitioner's mental status had improved.

The post-conviction court found that trial counsel's impressions of the petitioner's competency were congruent with the psychiatric report previously obtained. The court found that

---

[2]We by no means suggest that counsel performed deficiently in this issue, but we take the opportunity to comment at this juncture that "'a client's expressed intention to plead guilty does not relieve counsel of [his] duty to investigate possible defenses and to advise the defendant so that he can make an informed decision.'" *Kelvin A. Taylor v. State*, No. 02C01-9512-CC-00387, concurring op. at 2 (Tenn. Crim. App., Jackson, Apr. 3, 1997) (Hayes, J., concurring) (quoting *Savino v. Murray*, 82 F.3d 593, 599 (4th Cir. 1996)).

[3]*See* n. 2, *supra*.

"[n]othing was introduced at any point . . . since that evaluation to suggest that a subsequent psychiatric evaluation be conducted at the discretion of the trial court."

We agree that the petitioner failed to show deficient performance of trial counsel, especially in light of the mental evaluation that counsel obtained and reviewed. Furthermore, the petitioner failed to inject any proof into the evidentiary hearing that he was incompetent to submit a plea or that he would have not pleaded guilty had he known of a basis for asserting an insanity defense at trial. Accordingly, he also has failed to demonstrate prejudice.

4. Counsel failed to adequately advise the petitioner of the criteria for determining the application of consecutive sentencing.

Trial counsel testified that he extensively discussed the factors for consecutive sentencing with the petitioner and that during the plea submission hearing, the trial court explained the factors.

The post-conviction court found that during the plea submission hearing, it "extensively reviewed the . . . factors that would have been considered had a sentencing hearing been held" and that the petitioner was informed that he could have "a sentencing hearing after the acceptance of his guilty plea if he so desired." Although the petitioner "was reluctant to accept a sentence longer than he had convinced himself was appropriate considering his own inexpert estimation of his degree of drug addiction and abuse," the court found that the petitioner did not wish to "chance either a trial [] or a sentencing hearing" and that he reluctantly accepted the plea agreement, a choice that was neither "coerced [nor] improperly influenced in any way." The court held that the petitioner failed to establish his claims of deficient performance on this issue.

A review of the plea submission hearing transcript reveals that the petitioner asked the trial court about the factors that the court would use at a sentencing hearing when it determined whether to impose consecutive sentences. The trial court explained the bases for consecutive sentencing as set forth in Tennessee Code Annotated section 40-35-115 and in *State v. Wilkerson*, 905 S.W.2d 933 (1995). The petitioner expressed his doubt that he qualified for any of the consecutive sentencing rubrics and expressed uncertainty about whether he should accept the sentence as structured in the plea agreement or whether he should request the court to conduct a sentencing hearing and determine the sentences. The record reflects that the trial court took pains to explain the petitioner's options, which included going to trial or submitting an open guilty plea followed by a sentencing hearing and court-imposed sentences. The court also explained the petitioner's options with respect to appeal, including the waiver of a sentencing appeal if the proposed sentences remained a part of the plea agreement. After a lengthy exchange between the trial court and the petitioner, he then indicated his willingness to proceed with the plea submission as proposed.

We further note that at the time of the plea submission hearing the petitioner had completed eleven and one-half years of schooling and could read. He had prior experience in at least one criminal case in which he pleaded guilty to aggravated robbery in Sumner County. He had the

opportunity to reflect upon his plea options and to seek the advice of counsel; the case had been reset for "discussion" numerous times. Additionally, the trial court exhaustively explained the petitioner's rights as a criminal defendant, as well as the waiver of some of those rights as a function of pleading guilty. The trial court fully informed the defendant pursuant to Tennessee Rule of Criminal Procedure 11. Moreover, the trial court accredited the testimony of trial counsel during the evidentiary hearing that counsel had visited the petitioner in the jail, furnished him a copy of Code section 40-35-115, and explained to him the sentencing guidelines, including the criteria for consecutive sentencing.

Accordingly, the record fully supports the trial court's factual determination that the petitioner was fully informed about the criteria for consecutive sentencing. No basis for post-conviction relief on this issue has been demonstrated.

5. Counsel failed to move to suppress the petitioner's pretrial statements.

Trial counsel testified that he filed no motion to suppress the defendant's confession because the petitioner gave him no basis for asserting that the statements were coerced, unknowing, or involuntary. The petitioner had been "Mirandized" before giving the statements and had understood his rights.

The post-conviction court noted that trial counsel filed a number of pretrial motions. It found that there was "no reason . . . to file a motion to suppress" because the petitioner insisted from the beginning that counsel negotiate a guilty plea.

We conclude that the petitioner failed to demonstrate deficient performance or prejudice from the failure to move to suppress the statements. He not only failed to establish that he would have disdained guilty pleas had the statements been suppressed, but he failed to show any basis for suppressing the statements.

6. Counsel failed to give notice of an insanity defense.

Trial counsel testified that based upon the Vanderbilt psychiatric report, there was no basis for a notice of an insanity defense. The post-conviction court agreed and concluded that the petitioner failed to establish that counsel deficiently performed in failing to file notice of an insanity defense. We agree with the trial court. The post-conviction record evinces no basis for a notice of an insanity defense and no prejudice to the petitioner caused by the lack of a notice.

7. Counsel failed to review videotapes of the petitioner's pretrial statements.

Counsel testified that the petitioner had admitted to him that his pretrial statements given to police investigators were truthfully made. He saw no reason to review the videotapes of the interview.

-6-

The lower court found that the failure to review the videotape was "neither prejudicial nor incompetent by clear and convincing evidence." We agree that deficient performance was not shown. *Strickland* points out that the need to further investigate "may be considerably diminished or eliminated altogether," depending upon what information the client imparts to counsel. *Strickland*, 466 U.S. at 691, 104 S.Ct. at 2066. We also agree that the petitioner failed to demonstrate any prejudice; he offered no evidence that counsel's failure to review the videotape caused him to plead guilty when otherwise he would have gone to trial.

8. <u>Counsel failed to review surveillance videotapes from the victims' stores</u>.

Counsel opined that reviewing the surveillance tapes from the stores robbed by the petitioner would have served no purpose because the petitioner insisted that the allegations against him were true.

The court again found that counsel's conduct was "neither prejudicial nor incompetent by clear and convincing evidence." We agree that the petitioner failed to demonstrate that counsel's failure to review the surveillance tapes caused him to plead guilty and forego trial.[4]

9. <u>The trial court accepted the petitioner's guilty pleas despite the court's concern as to whether the pleas were voluntary</u>.

The post-conviction judge found that, as the trial judge who presided over the petitioner's plea submission hearing, she "closely questioned Petitioner in open court in this matter." She characterized her concerns about the petitioner's pleas as being no different than those that she expresses whenever she accepts a plea from a "similarly situated offender." She commented in her findings that she endeavors to be satisfied that the guilty-pleading defendant understands the nature of the agreement and the sentence to be imposed and that the plea is voluntary. Essentially, she found that she had no concerns that were not incidental to a routine plea submission.

Viewing this claim as a complaint that the trial judge subjectively harbored doubts about the petitioner's understanding and voluntariness of the plea, we conclude that the record of the plea submission hearing supports the post-conviction judge's characterizations of her submission-hearing demeanor. At the submission hearing, the judge carefully and patiently addressed the petitioner's questions and took pains to stress that she had no preference for whether he pleaded guilty or not. We see no basis for concluding that the judge's careful and painstaking manner evinced her subjective doubts about the petitioner's comprehension of the proceedings.

10. <u>During the plea submission hearing, counsel failed to answer the petitioner's questions and instructed the petitioner to give the "right" answers to the court or else the petitioner would receive a sentence of 98 years</u>.

---

[4]*See* n. 2, supra.

Testifying at the evidentiary hearing, trial counsel denied that he told the petitioner to testify in a "right manner." He stated that he told the petitioner that the trial judge would be very thorough in conducting the plea submission hearing and that she would not accept the plea if she were not satisfied that he understood all aspects of it. Counsel denied making any reference to a "98-year sentence." He stated that he invited the petitioner to ask him any questions he had before going into court to submit his plea.

The post-conviction court accredited counsel's version of his discussions with the petitioner and found no deficient performance. The record supports this factual determination. Thus, the petitioner has failed to establish that his trial counsel deficiently performed in this manner.

11. <u>The guilty pleas were neither knowing nor voluntary</u>.

Trial counsel testified that he advised the petitioner of his rights before the plea was submitted. The court accredited this testimony and further found that the trial court fully advised the petitioner of his rights – and the waiver thereof – during the plea submission hearing. The post-conviction court held that the petitioner failed to establish by clear and convincing evidence that his pleas were involuntary or unknowing.

We agree. As we explained above, the trial court at the plea submission hearing administered a full litany of constitutional and extra-constitutional rights, as well as commensurate waiver admonitions. The petitioner indicated his understanding of each explanation given. Moreover, he asked pertinent, thoughtful questions, to which the trial court responded with informative answers. The petitioner responded affirmatively when asked if he wished to persist in the guilty plea. During the evidentiary hearing, the petitioner testified that he told the truth at the plea submission hearing. The record fully supports the post-conviction court's determination that the petitioner failed to establish an involuntary or unknowing guilty plea.

In conclusion, we find no reversible error and affirm the trial court's denial of post-conviction relief.

_____
JAMES CURWOOD WITT, JR., JUDGE