IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 30, 2001

## STATE OF TENNESSEE v. MARK CHRISTOPHER DAVIS

**Appeal from the Criminal Court for Hamilton County**
**No. 219140      Stephen M. Bevil, Judge**

---

**No. E2001-00323-CCA-R3-PC**
**January 14, 2002**

---

Mark Christopher Davis appeals the Hamilton County Criminal Court's denial of his petition for post-conviction relief. Because Davis has not demonstrated error in the lower court's determination that he was provided the effective assistance of trial counsel in the conviction proceedings, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which DAVID G. HAYES and JOHN EVERETT WILLIAMS, JJ., joined.

Ardena J. Garth, District Public Defender; and Donna Robinson Miller, Assistant District Public Defender, Chattanooga, Tennessee, for the Appellant, Mark Christopher Davis.

Paul G. Summers, Attorney General & Reporter; Gill R. Geldrich, Assistant Attorney General; William H. Cox, III, District Attorney General; and Barry A. Steelman, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

The petitioner was convicted of second degree murder and sentenced to twenty years in the Department of Correction. Following an unsuccessful appeal to this court, he filed this post-conviction action in which he alleged that the attorney who represented him at trial and on appeal did not provide effective assistance and that he had been deprived of his constitutional rights to a fair trial and to due process.[1] At the post-conviction hearing, he pursued several allegations of ineffective assistance of counsel.

---

[1]The petition contains no factual allegations supporting the fair trial and due process allegations, and they were not pursued at the hearing and have not been mentioned in this appeal.

The petitioner testified on his own behalf at the post-conviction hearing. He voiced various complaints which generally fell into the categories of (1) complaints about counsel's choice of strategy, and (2) failure to prepare adequately for trial. The petitioner's trial attorney's testimony contradicted that of the petitioner on several salient points. To the extent that resolution of the issues required evaluating the credibility of the petitioner versus his trial attorney, the lower court made each such determination adversely to the petitioner. On other points, particularly those relative to trial strategy, the court accredited counsel's testimony that his decisions were considered ones based upon preparation. The lower court determined another issue by apparent reference to documents in the court file of the conviction proceeding. Finding no ineffective assistance issues in the petitioner's favor, the lower court denied relief. This appeal followed.

When a petitioner challenges the effective assistance of counsel, he has the burden of establishing (1) deficient representation and (2) prejudice resulting from that deficiency. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 2064 (1984); *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Deficient representation occurs when counsel provides assistance that falls below the range of competence demanded of criminal attorneys. *Bankston v. State*, 815 S.W.2d 213, 215 (Tenn. Crim. App. 1991). Prejudice is the reasonable likelihood that, but for deficient representation, the outcome of the proceedings would have been different. *Overton v. State*, 874 S.W.2d 6, 11 (Tenn. 1994). On review, there is a strong presumption of satisfactory representation. *Barr v. State*, 910 S.W.2d 462, 464 (Tenn. Crim. App. 1995).

In post-conviction proceedings, the petitioner has the burden of proving the claims raised by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f) (1997). On appeal, the lower court's findings of fact are reviewed *de novo* with a presumption of correctness that may only be overcome if the evidence preponderates against those findings. *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. Crim. App. 2001).

In this case, the lower court determined that the petitioner failed to carry his burden of proving any of his claims by clear and convincing evidence. In no case did the petitioner prove either prong of the *Strickland* test; that is, he proved neither that counsel's performance was deficient nor that he suffered any prejudice as a result of counsel's actions. Specifically, as to issues which turned on witness credibility, he has failed to demonstrate that the evidence preponderates against the lower court's accreditation of counsel's testimony and rejection of the petitioner's testimony. With respect to issues of trial strategy, the petitioner has failed to show that counsel's strategies were uninformed, and the petitioner has failed to provide any evidence other than his own vague speculations to demonstrate that other strategies would have yielded more favorable results. Regarding the issue determined by reference to the court file of the conviction proceedings, the petitioner has failed to demonstrate that the evidence preponderates against this determination.

In this appeal, the petitioner has failed once again -- he has not demonstrated that the evidence preponderates against the lower court's findings. We therefore affirm the denial of post-conviction relief.

_____

JAMES CURWOOD WITT, JR., JUDGE