IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
July 16, 2002 Session

## ANTONIO M. MILLER v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Rutherford County**
**No. F-49501     J. Steve Daniel, Judge**

_____

### No. M2001-01265-CCA-R3-PC - Filed October 15, 2002

_____

Antonio M. Miller appeals from the Rutherford County Circuit Court's denial of his petition for post-conviction relief. Miller is presently serving an effective nineteen-year sentence for convictions of second-degree murder, six counts of aggravated burglary, and one count of felony drug possession. He claims that two of his trial counsel provided ineffective assistance. The lower court ruled against the petitioner, and upon review of the record, we affirm that ruling.

**Tenn. R. App. P. 3; Judgment of the Circuit Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL and ALAN E. GLENN, JJ., joined.

John D. Drake, Murfreesboro, Tennessee, for the Appellant, Antonio M. Miller.

Paul G. Summers, Attorney General & Reporter; Elizabeth T. Ryan, Assistant Attorney General; William C. Whitesell, Jr., District Attorney General; and Paul A. Holcombe, III, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

As a result of a series of burglaries, the petitioner was charged with first-degree felony murder for a killing which took place during the perpetration of a residential burglary and with various counts of aggravated burglary.[1] He was a minor at the time of the crime, and he had two juvenile accomplices. The petitioner waived his right to a transfer hearing in juvenile court as part of a plea agreement with the state which called for him to receive a fifteen-year sentence on a second-degree murder conviction. Although it is not entirely clear from the record, it appears that the petitioner was unable to fulfill his end of the plea agreement by providing detailed testimony

---

[1]The charging instruments are not in the record, and only one judgment for the murder case is in the record. What information we have regarding the original charges is discerned from the written plea agreement.

about the offense against his co-defendants.[2] In addition, one of the co-defendants entered a plea conditioned upon the co-defendant's agreement to testify against the petitioner, and the petitioner garnered a new felony charge while on bond. As a result, the plea offer was withdrawn. After further negotiations, the petitioner ultimately entered a plea agreement in circuit court and was sentenced to serve eighteen years on a conviction of second-degree murder, three years on each of six aggravated burglary convictions, and an additional one year for the felony drug offense.[3] All sentences were imposed to run concurrently except for the sentence for the drug offense, which was imposed to run consecutively.

Shortly thereafter, the petitioner filed a *pro se* post-conviction claim, in which he made numerous allegations of various shortcomings in the conviction proceedings. Counsel was appointed. No amended petition was filed, although the issues presented for consideration were narrowed by counsel at the hearing on the petition.

At the hearing, the petitioner cast all of his complaints in terms of the alleged ineffective assistance of two of his attorneys, Dicken Kidwell and Robert Turner.[4] Mr. Kidwell primarily represented the petitioner in juvenile court proceedings, and Mr. Turner took over shortly after the petitioner's case was transferred to circuit court. The petitioner complained that Mr. Kidwell failed to investigate alibi witnesses, encouraged the petitioner to waive his right to a transfer hearing and suppression hearing in juvenile court without explaining the effects of that action, failed to adequately confer with the petitioner, failed to communicate a plea offer to him, and failed to get the plea offer in writing. The petitioner claimed that Mr. Turner failed to investigate alibi witnesses, failed to file a motion to suppress the petitioner's inculpatory statement, and did not fully explain the rights the petitioner waived in accepting a plea agreement.

At the conclusion of the proof, the lower court accredited the state's evidence and discredited that of the petitioner, and it dismissed the petitioner's claims. This appeal followed. After the case had been appealed but before the briefing process was complete, the state moved this court to remand the case so that the lower court could fulfill its duty of making complete findings of fact and conclusions of law on each ground presented. *See* Tenn. Code Ann. § 40-30-211(b) (1997). This court granted the motion, remanded the case, and the lower court entered a detailed, supplemental order as required by the Post-Conviction Procedures Act.[5] In its supplemental order, the lower court amplified its findings regarding the petitioner's lack of credibility as contrasted with

---

[2]Apparently, the petitioner was unwilling or unable to articulate the particulars of the crime in a way that was helpful to the state in prosecuting the co-defendants.

[3]The plea agreement did not specify an eighteen-year sentence for second-degree murder as one of its terms. Rather, it appears that the state agreed to recommend an eighteen-year sentence with the ultimate length-of-sentence determination to be made by the trial court. The court apparently followed that recommendation.

[4]There is some evidence that a third attorney may have briefly represented the petitioner, but no complaints were alleged against that individual.

[5]That order has been of substantial assistance to this court in our appellate review of the case.

the favorable credibility of his former attorneys. The court further found that Mr. Kidwell adequately conferred with the petitioner, did not fail to investigate the petitioner's proposed alibi witnesses, explained the petitioner's options to him, obtained a settlement offer from the state contingent upon the petitioner agreeing to testify against his co-defendants and consenting to transfer of his case to circuit court for entry of the plea, acted reasonably in relying on an oral agreement with the state, and communicated the settlement offer to the petitioner. The lower court found that Mr. Turner could not be faulted for failing to investigate alibi witnesses because the petitioner did not advise him of such witnesses, and that Mr. Turner fully explained the plea agreement to the petitioner. The court also found that the petitioner failed to demonstrate the merits of a suppression motion, so neither Mr. Kidwell nor Mr. Turner could be faulted for failing to pursue one.

When a petitioner challenges the effective assistance of counsel, he has the burden of establishing (1) deficient representation and (2) prejudice resulting from that deficiency. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 2064 (1984); *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Deficient representation occurs when counsel provides assistance that falls below the range of competence demanded of attorneys in criminal cases. *Bankston v. State*, 815 S.W.2d 213, 215 (Tenn. Crim. App. 1991). Prejudice is the reasonable likelihood that, but for deficient representation, the outcome of the proceedings would have been different. *Overton v. State*, 874 S.W.2d 6, 11 (Tenn. 1994). On review, there is a strong presumption of satisfactory representation. *Barr v. State*, 910 S.W.2d 462, 464 (Tenn. Crim. App. 1995).

In post-conviction proceedings, the petitioner has the burden of proving the claims raised by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f) (1997). The post-conviction court's factual findings are reviewed *de novo* with a presumption of correctness unless the evidence preponderates otherwise; however, that court's conclusions of law receive purely *de novo* review with no presumption of correctness. *Fields v. State*, 40 S.W.3d 450, 457 (Tenn. 2001).

In the case at bar, the petitioner's testimony conflicted in nearly every material aspect with that of his attorneys. To the extent that the petitioner was not at odds with his attorneys' factual recollection of the case, the court rejected the negative conclusions that the petitioner drew from those facts regarding the effectiveness of the attorneys. The lower court found all contested factual issues in favor of the state and concluded that the petitioner had not been deprived of the effective assistance of counsel by either Mr. Kidwell or Mr. Turner. Upon review of the record, we cannot say that the evidence preponderates to the contrary of the lower court's factual determinations. Moreover, we are unpersuaded that the lower court erred in its determination that counsel effectively represented the petitioner.

Thus, the judgment of the lower court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE

-3-