IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
December 10, 2002 Session

## DAVID ANDREW NICHOLSON, JR. v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Hamilton County**
**No. 236492      Stephen M. Bevil, Judge**

**No. E2002-00573-CCA-R3-PC**
**January 28, 2003**

David Andrew Nicholson, Jr., appeals from the Hamilton County Criminal Court's denial of his petition for post-conviction relief. He claims that he was not effectively represented by counsel at his trial and on direct appeal. He also claims that his due process rights were impaired at trial when the court interrupted a defense witness's testimony and played an audio recording of the defendant's statement to the police for the witness. Because the record supports neither allegation, we affirm the lower court's order denying relief.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JERRY L. SMITH, J., joined.

John D. McDougal, Chattanooga, Tennessee, for the Appellant, David Andrew Nicholson, Jr.

Paul G. Summers, Attorney General & Reporter; Elizabeth B. Marney, Assistant Attorney General; William H. Cox, III, District Attorney General; and Rodney Strong, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

The petitioner was convicted of rape of a child for the molestation of his minor stepdaughter. *State v. David Andrew Nicholson*, No. 03C01-9901-CR-00035 (Tenn. Crim. App., Knoxville, Feb. 2, 2000), *perm. app. denied* (Tenn. 2000) (lower court opinion designated "not for citation"). This court affirmed the conviction, and the supreme court denied review. *Id.*

The petitioner then filed a timely petition for post-conviction relief in which he alleged various infirmities. At the post-conviction hearing, the petitioner narrowed the issues to two basic categories, ineffective assistance of counsel and prejudice of the trial court against him. He presented evidence via his own testimony that his trial counsel was deficient in communicating with him about the case and about a plea offer, failing to adequately prepare for trial, and failing to file

pretrial motions. The proof presented by the state was to the contrary. The petitioner also presented testimonial proof that the trial judge interrupted the testimony of a defense witness and had the witness listen to a recorded statement the petitioner had given to law enforcement personnel.[1] He claimed that these actions impaired the testimony of this witness and that the trial judge had attempted to prejudice the witness against the petitioner. However, the state presented proof via trial counsel that although this incident had taken place and counsel had not objected, counsel had strategically chosen not to object and that the court's actions did not interfere with counsel's ability to elicit all the pertinent information the witness had to offer. The petitioner did not enter a copy of the relevant portions of the trial record into evidence relative to this claim.

At the conclusion of the hearing, the court made findings adverse to the petitioner's allegations. The court later entered an order in which it reiterated and detailed its findings of fact and denied relief. With respect to the ineffective assistance of counsel claim, the court found that the petitioner had not carried his burden of proving his factual allegations in many respects and had not established prejudice resulting from any of his allegations. With respect to the claim that the trial judge had exhibited prejudice, the post-conviction court found that although the complained-of event had occurred, the petitioner had demonstrated no prejudice in that the witness was able to testify fully to those facts which defense counsel sought to elicit from him and that the proof failed to establish any additional, favorable defense evidence that could have been elicited from the witness.

In the lower court, the petitioner had the burden of proving the claims raised by clear and convincing evidence. *See* Tenn. Code Ann. § 40-30-210(f) (1997). On appeal, the post-conviction court's factual findings are reviewed *de novo* with a presumption of correctness unless the evidence preponderates otherwise; however, that court's conclusions of law receive purely *de novo* review with no presumption of correctness. *Fields v. State*, 40 S.W.3d 450, 457-58 (Tenn. 2001).

We begin with the ineffective assistance of counsel issue. When a petitioner challenges the effective assistance of counsel, he has the burden of establishing (1) deficient representation and (2) prejudice resulting from that deficiency. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 2064 (1984); *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Deficient representation occurs when counsel provides assistance that falls below the range of competence demanded of attorneys in criminal cases. *Bankston v. State*, 815 S.W.2d 213, 215 (Tenn. Crim. App. 1991). Prejudice is the reasonable likelihood that, but for deficient representation, the outcome of the proceedings would have been different. *Overton v. State*, 874 S.W.2d 6, 11 (Tenn. 1994). On review, there is a strong presumption of satisfactory representation. *Barr v. State*, 910 S.W.2d 462, 464 (Tenn. Crim. App. 1995).

The petitioner's rather brief argument consists of an appeal to us to revisit the lower court's credibility determinations relative to the petitioner's testimony and that of his trial attorney. We are not free to do so where, as here, the evidence fails to preponderate to the contrary of the

---

[1] The trial judge recused himself from presiding over the post-conviction proceeding.

lower court's determinations relative to the weight and credibility of witness testimony. Moreover, we are unconvinced that the lower court erred in determining that the petitioner was not prejudiced by any of counsel's alleged actions and inactions.

Likewise, we are unpersuaded that the petitioner established his claim of due process deprivation due to the trial judge's interference with a defense witness during the course of his testimony. First of all, the petitioner has not explained to us how this action, though certainly irregular and unexplained by the record before us, worked to deprive him of due process of law. Second, the petitioner's proof relative to this claim was not sufficient to sustain his burden of proof. Although it appears from the record that he may have provided the lower court with a copy of relevant portions of the trial record, he did not enter the transcript into evidence, and it is not part of the appellate record. A portion of the transcript was read during the questioning of trial counsel. However, we are unable to determine from the record before us exactly what transpired in the trial court. Without this proof, we are not inclined to conclude that the petitioner carried his burden of proving prejudice. Furthermore, the petitioner did not establish at the hearing that his counsel was prevented from eliciting any information from the witness that counsel had planned to introduce through the witness. Thus, the record supports the lower court's determination that the petitioner failed to sustain his burden of proof on this issue.

For these reasons, the lower court's dismissal of the petition is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE