IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 23, 2003

## TERRY PROFFITT v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Sevier County**
**No. 6674     Rex Henry Ogle, Judge**

_____

**No. E2003-00250-CCA-R3-PC**
**January 12, 2004**
_____

Terry Proffitt appeals the Sevier County Criminal Court's denial of his petition for post-conviction relief. Proffitt claims that he was deprived of the effective assistance of counsel during the proceedings in which he was convicted of first degree murder for the death of his ex-wife and that improper jury instructions were given during those proceedings. Because the lower court properly found that the petitioner failed to carry his burden of proving these claims by clear and convincing evidence, we affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

Tim S. Moore, Newport, Tennessee, for the Appellant, Terry Lynn Proffitt.

Paul G. Summers, Attorney General & Reporter; David H. Findley, Assistant Attorney General; Al Schmutzer, Jr., District Attorney General; and Steven R. Hawkins, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

The lower court conducted a hearing on Proffitt's post-conviction petition, at which it received testimonial evidence from Proffitt and the attorney who represented him at trial. The court also received documentary evidence via introduction of a letter written to trial counsel by a consulting mental health expert who offered opinions regarding the petitioner's mental status at the time of his crime.

The petitioner's trial counsel testified generally that he had done a thorough job in preparing the petitioner's case for trial, advising and conferring with the petitioner regarding trial, and pursuing appropriate appellate issues. The petitioner, on the other hand, testified about his dissatisfaction with counsel's performance, but although he was able to offer substantial criticism

of counsel's actions and inactions, he offered little in the way of specifics regarding the better course for counsel to have pursued. After receiving the evidence, the lower court found that trial counsel had met the standard for effective assistance of counsel and, in fact, had performed admirably given the extraordinarily difficult task he faced in overcoming the egregious facts of the crime on trial. The court also found that the petitioner failed to carry his burden of proving other claims raised in the post-conviction petition.

In his appeal, the petitioner claims that counsel was ineffective in failing to pursue trial and/or appellate issues regarding change of venue, improper closing argument, the trial court having allowed the jurors to ask questions of the witnesses, and the excusing of a juror during trial. He also makes a summary and non-specific challenge to the jury instructions at trial regarding the elements of premeditation and deliberation.

In the lower court, the petitioner had the burden of proving the claims raised by clear and convincing evidence. *See* Tenn. Code Ann. § 40-30-110(f) (2003). On appeal, the post-conviction court's factual findings are reviewed *de novo* with a presumption of correctness unless the evidence preponderates otherwise; however, that court's conclusions of law receive purely *de novo* review with no presumption of correctness. *Fields v. State*, 40 S.W.3d 450, 457-58 (Tenn. 2001).

We begin with the ineffective assistance of counsel issue. When a petitioner challenges the effective assistance of counsel, he has the burden of establishing (1) deficient representation and (2) prejudice resulting from that deficiency. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 2064 (1984); *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Deficient representation occurs when counsel provides assistance that falls below the range of competence demanded of attorneys in criminal cases. *Bankston v. State*, 815 S.W.2d 213, 215 (Tenn. Crim. App. 1991). Prejudice is the reasonable likelihood that, but for deficient representation, the outcome of the proceedings would have been different. *Overton v. State*, 874 S.W.2d 6, 11 (Tenn. 1994). On review, there is a strong presumption of satisfactory representation. *Barr v. State*, 910 S.W.2d 462, 464 (Tenn. Crim. App. 1995).

The petitioner claims that trial counsel was ineffective in failing to pursue on appeal the trial court's ruling on the motion for change of venue. Trial counsel testified that after consideration, he did not believe this issue was one which would result in appellate relief and its inclusion in the appeal would only diminish the viability of the issues on which he thought there was a greater chance of obtaining relief. The post-conviction court found counsel's deliberate choice not to pursue this issue to be reasonable in the circumstances. The evidence does not preponderate otherwise.

Moreover, the petitioner offered no evidence to show that he had been prejudiced by the trial court's denial of his motion for change of venue. In this appeal, he has likewise failed to amplify his claim by explaining how prospective jurors were prejudiced against him by any pretrial publicity that existed. *See, e.g., State v. Kyger*, 787 S.W.2d 13, 18-19 (Tenn. Crim. App. 1989)

("The ultimate test is whether the jurors who actually sat and rendered verdicts were prejudiced by the pretrial publicity."). Without a demonstration of how the petitioner was prejudiced, the ineffective assistance of counsel claim must fail relative to this issue.

The petitioner also claims that trial counsel was ineffective in failing to raise an appellate issue regarding the prosecutor's closing argument at trial. Again, trial counsel testified that he considered the potential appellate issues and raised only those which he thought afforded the greatest possibility for relief so as not to diminish the appellate court's focus on the more favorable issues. In his appellate brief, the petitioner has set forth his contention that the argument was improper, but he has not explained to us how, even if improper, it was prejudicial. We conclude that the petitioner has failed to demonstrate both that trial counsel's strategy was uninformed and that had counsel raised the issue on direct appeal, it would have yielded a favorable result. *See Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065 (post-conviction petitioner must overcome presumption that course chosen by counsel was sound trial strategy); *Judge v. State*, 539 S.W.2d 340, 344 (Tenn. Crim. App. 1976) (setting forth factors for evaluating whether improper argument has affected verdict to detriment of defendant).

Next, the petitioner argues that trial counsel was ineffective because he did not register an objection to the jurors being allowed to ask questions and did not raise an appellate issue in this regard. He argues summarily that he was prejudiced because the jurors asked questions of a "key witness for the prosecution" about the location of the victim's wound and the ballistics. The petitioner has not explained with any specificity, either to this court or the lower court, how the jurors' questions were prejudicial to his case such that an objection should have been registered at trial and appellate relief should have been sought thereafter. As such, he has not carried his burden of proving this claim. *See State v. Jeffries*, 644 S.W.2d 432, 434 (Tenn. Crim. App. 1982) (conviction reversed on direct appeal where jurors' questions at trial had been prejudicial, argumentative, outside the realm of the issues, and demonstrated juror bias against defendant).

The petitioner's next ineffectiveness claim arises from the circumstances surrounding the trial court's excusing of a juror who was troubled by the graphic nature of some of the evidence. The petitioner claims that counsel was ineffective for failing to object to the juror being excused, failing to consult with the petitioner about the matter, and failing to raise the issue on appeal. The petitioner summarily claims that the juror's discomfort with the evidence was not so severe that the juror needed to be replaced under the circumstances. Without compelling evidence in this regard, we are not in a position to reverse the lower court's determination that counsel's performance was not deficient with respect to this issue.[1] *See State v. Forbes*, 918 S.W.2d 431, 451 (Tenn. Crim. App. 1995) (removal of jurors is matter for discretion of trial court).

---

[1] In a similar vein, the petitioner claims in his argument on this issue that he had a right to be present at the in-chambers hearing on the issue, and because he was not, prejudice should be presumed and a new trial ordered. The petitioner has not cited any authority for the proposition that prejudice should be presumed, and to the extent that he seeks relief on that basis, the issue is waived. *See* Tenn. R. Ct. Crim. App. 10(b) (issues not supported by citation to authority are waived).

As a final effort to obtain relief based upon ineffective assistance of counsel allegations, the petitioner raises a cumulative error claim. However, there is no error to consider cumulatively, so no relief on this basis is warranted.

In his remaining issue, the petitioner argues that improper jury instructions on premeditation and deliberation tainted his trial. However, we are unable to consider this issue. It has been waived because it was not raised on direct appeal. *See* Tenn. Code Ann. § 40-30-106(g) (2003) (issue not presented at first opportunity is waived).

For these reasons, the lower court's judgment denying post-conviction relief is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE