IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 13, 2004

## SEANISE SHAW v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County
No. P-26630     Arthur T. Bennett, Judge**

————————————

**No. W2003-02041-CCA-R3-PC  – Filed September 17, 2004**

————————————

Seanise Shaw, the petitioner, appeals the Shelby County Criminal Court's denial of her petition for post-conviction relief. The lower court found her allegations of ineffective assistance of counsel unsupported by the evidence and denied relief. Because we are unpersuaded of error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which DAVID G. HAYES and NORMA MCGEE OGLE, JJ., joined.

William D. Massey, Memphis, Tennessee (at trial); and C. Michael Robbins, Memphis, Tennessee (at trial and on appeal), for the Appellant, Seanise Shaw.

Paul G. Summers, Attorney General & Reporter; Richard H. Dunavant, Assistant Attorney General; William L. Gibbons, District Attorney General; and Julie Mosey, Assistant District Attorney General; for the Appellee, State of Tennessee.

## OPINION

In 2003, the petitioner pleaded guilty to two counts of identity theft, nine counts of forgery, and one count of theft. Although her maximum sentence exposure exceeded ninety years, her effective plea-bargained sentence was twenty-four years. At the time of her guilty plea, petitioner had nine prior felony convictions and over fifteen misdemeanor convictions. Based on her prior record, the petitioner was a career offender; however, the plea offer obtained by counsel called for the petitioner to be sentenced as a persistent offender. In accepting the guilty plea, the court referred to the petitioner as a "one-person crime wave . . . inflicting untold misery and damage on the victims of [her] crimes."

After the plea entry, new counsel filed a petition for community corrections placement pursuant to Tennessee Rule of Criminal Procedure 35, which the court dismissed without a hearing. In the post-conviction court, the petitioner claimed ineffective assistance of counsel based on trial

counsel's failure to inform her of the community corrections alternative. She claimed in the post-conviction hearing that she would have requested community corrections at the time of her plea had she known about the option. The petitioner testified that she understood the advantages of a guilty plea rather than a trial but testified that prior to the date of her plea, counsel never spoke of the manner in which she would serve her sentence, only that she did not qualify for probation.

At the post-conviction hearing, trial counsel admitted that because of the petitioner's prior record, he did not petition for, nor did he discuss the possibility of, community corrections with the petitioner. Although her record did not disqualify her, her repeated recalcitrant behavior led him to believe that a petition for community corrections "would be a fruitless effort."

In the post-conviction hearing, the petitioner's mother testified that the petitioner's behavior had changed at the time of the plea agreement and that the petitioner was no longer "going in stores."

Agreeing with trial counsel's opinion that a request for community corrections would have been futile, the post-conviction court considered such an effort a "waste of judicial time." The plea submission court had previously referred to petitioner as a "one-person crime wave," indicating the unlikelihood that a request for community corrections placement would have been granted. Thus, the post-conviction court held that the petitioner's claim was unsupported by the evidence and denied relief.

In post-conviction proceedings, the petitioner has the burden of proving by clear and convincing evidence the claims raised. Tenn. Code Ann. § 40-30-110(f) (2003). On appeal, the lower court's findings of fact are reviewed *de novo* with a presumption of correctness that may only be overcome if the evidence preponderates against those findings. *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).

When a petitioner challenges the effective assistance of counsel, she has the burden of establishing (1) deficient representation and (2) prejudice resulting from that deficiency. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 2064 (1984); *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Deficient representation occurs when counsel's services fall below the range of competence demanded of attorneys in criminal cases. *Bankston v. State*, 815 S.W.2d 213, 215 (Tenn. Crim. App. 1991). Prejudice is the reasonable likelihood that, but for deficient representation, the outcome of the proceedings would have been different. *Overton v. State*, 874 S.W.2d 6, 11 (Tenn. 1994). When it is alleged that the ineffective assistance of counsel resulted in a guilty plea, the burden is upon the defendant to establish the prejudice prong of *Strickland* by proving that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985). On review, there is a strong presumption of satisfactory representation. *Barr v. State*, 910 S.W.2d 462, 464 (Tenn. Crim. App. 1995). If prejudice is absent, there is no need to examine allegations of deficient performance. *Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069.

In the present case, the post-conviction court rejected the notion that the sentencing court would have ruled differently had counsel requested community corrections. The sentencing court described the petitioner as a "one-person crime wave." Thus, the post-conviction court rejected the claim of ineffective assistance of counsel. In view of the record, we agree with the lower court.

As a career offender, the petitioner was not entitled to the presumption of favorable candidacy for alternative sentencing. *See* Tenn. Code Ann. § 40-35-102(6) (2003). That, coupled with the trial court's apparent view that the petitioner was not a good prospect for rehabilitation, provides a strong indication that the trial court would not have granted community corrections placement had it been requested to do so. *See Eddie L. Coley, Jr. v. State*, No. M2001-03130-CCA-R3-PC, slip op. at 6-7 (Tenn. Crim. App., Nashville, Sept. 4, 2002) (prejudice for ineffective assistance of counsel purposes is not shown when it appears that the relief not sought by trial counsel would not have been granted). At any rate, whether the trial court would have granted community corrections placement averts the issue in this claim of ineffective assistance of counsel in the submission of a guilty plea. The petitioner has not shown that she would have eschewed the plea offer and opted for trial had she known about the prospect – however faint – of community corrections placement. Thus, we hold that the petitioner failed to carry her burden in establishing ineffective assistance of counsel.

Thus, we affirm the denial of post-conviction relief.

_____
JAMES CURWOOD WITT, JR., JUDGE