IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 20, 2002

## ANTONIO YOUNG v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Hamilton County**
**No. 226025     Douglas A. Meyer, Judge**

_____

**No. E2001-00761-CCA-R3-PC**
**October 30, 2002**
_____

Antonio Young appeals the Hamilton County Criminal Court's denial of his petition for post-conviction relief. The lower court found his allegations of ineffective assistance of counsel unsupported by the evidence and denied relief. Because we are unpersuaded of error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which GARY R. WADE, P.J. and ROBERT W. WEDEMEYER, J., joined.

Keith A. Black, Chattanooga, Tennessee, for the Appellant, Antonio Young.

Paul G. Summers, Attorney General & Reporter; Christine M. Lapps, Assistant Attorney General; William H. Cox, III, District Attorney General; and Rodney C. Strong, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

Following the petitioner's indictment for charges of first-degree murder and aggravated robbery, the attorney whose performance is questioned in this action was appointed to represent the petitioner. Through negotiation with the state, counsel was able to obtain a plea offer for the petitioner to plead guilty to second-degree murder and receive a Range II sentence of 40 years, to be served at no less than 85 percent before parole eligibility. The petitioner was a Range I offender; however, this deal was advantageous to him because it avoided a possible life sentence, disposed of the aggravated robbery charge, and disposed of several other unrelated felony charges that the petitioner had garnered while on bond. The petitioner accepted the offer and was sentenced in accord with the agreement.

Thereafter, the petitioner became disenchanted and filed a petition for post-conviction relief alleging numerous infirmities in his conviction. After counsel was appointed and an amended

petition filed, the petitioner narrowed his request for relief to the sole issue of ineffective assistance of counsel.

At the hearing on the petition, the petitioner testified that his attorney had not met with him often enough, and when he did so, they discussed basketball, rather than the petitioner's case. He claimed that he did not understand the plea agreement and had been erroneously advised by counsel that notwithstanding the 85 percent service requirement of the 40-year sentence, the petitioner would be entitled to appear before the parole board every five years. He claimed that but for this understanding, he would not have entered a guilty plea.

The petitioner's attorney testified that he met with the petitioner several times throughout the course of his representation. Counsel admitted that he and the petitioner discussed basketball in order to establish rapport, but their communication also entailed discussion of the petitioner's case and the state's evidence against him. Counsel attempted to stay in regular communication with the petitioner while the petitioner was released on bond, but the petitioner missed appointments and did not provide counsel with information regarding his whereabouts. After negotiating a plea offer with the state, counsel communicated it to his client and met with the client two additional times before the plea was entered. Counsel categorically denied having advised the petitioner that he would be eligible for parole consideration before completion of 85 percent of his 40-year sentence.

The petitioner presented his mother's testimony as rebuttal evidence. She claimed that counsel told her that due to prison overcrowding, the petitioner might be released after serving ten years of his 40-year sentence. She could not remember whether counsel told her that the petitioner would be considered for parole at five or ten-year increments, although he might have said so.

The court accredited the testimony of counsel. In so doing, the court found that the petitioner and his mother probably genuinely believed that they accurately recalled the events surrounding the plea, but their recollections of what had actually happened were faulty. Moreover, the court found that the plea agreement and sentence structure had been clearly and correctly explained to the petitioner by the court at the time of the submission hearing. Thus, the post-conviction court found that the petitioner had failed to sustain his burden of proof and denied relief.

The sole issue before us, then, is the propriety of the lower court's ruling. When a petitioner challenges the effective assistance of counsel, he has the burden of establishing (1) deficient representation and (2) prejudice resulting from that deficiency. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 2064 (1984); *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Deficient representation occurs when counsel provides assistance that falls below the range of competence demanded of attorneys in criminal cases. *Bankston v. State*, 815 S.W.2d 213, 215 (Tenn. Crim. App. 1991). Prejudice is the reasonable likelihood that, but for deficient representation, the outcome of the proceedings would have been different. *Overton v. State*, 874 S.W.2d 6, 11 (Tenn. 1994). In the context of a guilty plea, prejudice is shown where, but for

counsel's deficient performance, the outcome of the plea process would have been different. *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985); *House v. State*, 44 S.W.3d 508, 516 (Tenn. 2001). Proof of prejudice is established when the petitioner demonstrates "that there is a reasonable probability that, but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59, 106 S. Ct. at 370. On review, there is a strong presumption of satisfactory representation. *Barr v. State*, 910 S.W.2d 462, 464 (Tenn. Crim. App. 1995).

In post-conviction proceedings, the petitioner has the burden of proving the claims raised by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f) (1997). The post-conviction court's factual findings are reviewed *de novo* with a presumption of correctness unless the evidence preponderates otherwise; however, that court's conclusions of law receive purely *de novo* review with no presumption of correctness. *Fields v. State*, 40 S.W.3d 450, (Tenn. 2001).

In the case at bar, the testimony given by the petitioner and his mother conflicted with that of his attorney. The lower court accredited the testimony of counsel and found that the petitioner understood the terms of the plea agreement and entered a knowing and voluntary guilty plea. Thus, it rejected the petitioner's claim of ineffective assistance of counsel. Upon review of the record, we cannot say that the evidence preponderates to the contrary of the lower court's factual determinations. Moreover, we are unpersuaded that the lower court erred in its determination that counsel effectively represented the petitioner.

Thus, the judgment of the lower court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE