IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 24, 2006 at Knoxville

## DEANNA WHITMAN v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Warren County**
**Nos. F-8907, F-8908, F-8909     Larry B. Stanley, Jr., Judge**

---

**No. M2005-01321-CCA-R3-PC - Filed March 3, 2006**

---

The petitioner, Deanna Whitman, pleaded guilty to four counts of selling a schedule II drug within 1,000 feet of a school, for which she received an effective 16-year sentence to be served as a Range I offender at 100 percent.  The petitioner sought post-conviction relief alleging that she received ineffective assistance of counsel and therefore unknowingly pleaded guilty to the instant crimes.  At the conclusion of an evidentiary hearing, the post-conviction court denied the petition finding that the petitioner had received effective representation and had entered her pleas knowingly.  Aggrieved of this ruling, the petitioner now appeals, and after a thorough review of the record and applicable law, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JOSEPH M. TIPTON, J., joined.

Tracy Caten, McMinnville, Tennessee, for the Appellant, Deanna Whitman.

Paul G. Summers, Attorney General & Reporter; Sophia S. Lee, Assistant Attorney General; Clement Dale Potter; District Attorney General; and Larry Bryant, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

Pursuant to her plea agreement, the petitioner pleaded guilty to four counts of selling a schedule II drug within 1,000 feet of a school for which she received four eight-year sentences, each of which requires 100 percent service.  *See* Tenn. Code Ann. § 39-17-417(a), (c)(1) (2003) (proscribing selling cocaine as a Class C felony); *id*. § 39-17-432(b) (providing that a violation of Code section 39-17-417 occurring within 1,000 feet of a school is punishable one classification "higher than is provided in [section] 39-17-417(b)-(i) for such violation"); *id*. § 39-17-432(c) (providing that a defendant sentenced for violating Code sections 39-17-417 and 39-17-432(b) "shall be required to serve at least the minimum sentence for such defendant's appropriate range of

sentence. Any sentence reduction credits . . . shall not operate to permit or allow . . . release . . . prior to full service of such minimum sentence"); *id*. §§ 40-35-111(b)(2) & -112(a)(2) (establishing Range I sentencing for Class B felonies at 8 to 12 years).[1] The trial court ordered the petitioner to serve three sentences concurrently and to serve that effective eight-year sentence consecutively to her final eight-year sentence, rendering a total effective sixteen-year sentence.

At her post-conviction evidentiary hearing, the petitioner, who was the sole witness, testified that her appointed counsel met with her several times prior to her acceptance of the state's plea offer. However, the petitioner testified that counsel advised her that she would receive as much "good time credit" as the Tennessee Department of Corrections (TDOC) would allow. The petitioner understood this to mean that she would receive 16 days of credit each month, which would effectively reduce her sentence to eight years. However, once incarcerated, the petitioner learned that because her sentences require 100 percent service due to the nature of her conviction offenses, she can only receive 15 percent "good time credit." Accordingly, the petitioner complained that counsel did not accurately advise her of the nature of her agreed upon effective sentence and therefore that she did not enter her guilty pleas knowingly, intelligently, and voluntarily.

At the conclusion of the post-conviction hearing, the court found that the petitioner had failed to demonstrate that she received ineffective assistance of counsel and that at best, the petitioner had demonstrated that she had misinterpreted counsel's advice that she would receive as much "good time credit" as the TDOC would allow. The court further noted that the transcript of the petitioner's plea submission hearing indicates that she was advised of the full-service requirement of her sentences before pleading guilty.

On appeal, the petitioner argues that her trial and post-conviction hearing counsel failed to appropriately challenge the voluntariness of her guilty pleas by failing to present discrepancies in her judgment forms for review and resolution. Specifically, the petitioner notes that her judgment forms classify her as a standard offender with a 30 percent release eligibility date, and yet she was ordered to serve 100 percent of her sentences. The state responds that the petitioner received effective assistance of counsel because her counsel accurately advised her as to the terms of her effective sentence and that the petitioner knowingly and voluntarily entered her guilty pleas as evidenced by her post-conviction hearing testimony. The state further argues that the petitioner's appeal should be dismissed for failure to prepare an adequate appellate record.

On appeal, the lower court's findings of fact are reviewed de novo with a presumption of correctness that may only be overcome if the evidence preponderates against those findings. *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001). "Claims of ineffective assistance of counsel are considered mixed questions of law and fact and are subject to de novo review." *Serrano v. State*, 133 S.W.3d 599, 603 (Tenn. 2004); *see State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). In post-

---

[1] Apparently, the petitioner's offenses would have been Class C felonies pursuant to Tennessee Code Annotated section 39-17-417(c)(2)(A) (2003) had they not been committed within a school zone, and apparently Tennessee Code Annotated section 39-17-432(b) was applied to increase the conviction offenses to Class B felonies.

conviction proceedings, the petitioner has the burden of proving by clear and convincing evidence the claims raised. Tenn. Code Ann. § 40-30-110(f) (2003).

When a petitioner challenges the effective assistance of counsel, he or she has the burden of establishing (1) deficient representation and (2) prejudice resulting from that deficiency. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 2064 (1984); *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Deficient representation occurs when counsel's services fall below the range of competence demanded of attorneys in criminal cases. *Bankston v. State*, 815 S.W.2d 213, 215 (Tenn. Crim. App. 1991). Prejudice is the reasonable likelihood that, but for deficient representation, the outcome of the proceedings would have been different. *Overton v. State*, 874 S.W.2d 6, 11 (Tenn. 1994).

When it is alleged that the ineffective assistance of counsel resulted in a guilty plea, the burden is upon the defendant to establish the prejudice prong of *Strickland* by proving that "there is a reasonable probability that, but for counsel's errors, [she] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985). On review, there is a strong presumption of satisfactory representation. *Barr v. State*, 910 S.W.2d 462, 464 (Tenn. Crim. App. 1995). If prejudice is absent, there is no need to examine allegations of deficient performance. *Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069.

Due process demands that a guilty plea be entered voluntarily, knowingly, and understandingly. *See Boykin v. Alabama*, 395 U.S. 238, 242-44, 89 S. Ct. 1709, 1711-13 (1969). A plea is involuntary if the accused is incompetent or "only if it is the product of 'ignorance, incomprehension, coercion, terror, inducements, [or] subtle or blatant threats.'" *Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993) (quoting *Boykin*, 395 U.S. at 242-43, 89 S. Ct. at 1712). A defendant's testimony at a plea hearing that his or her plea is voluntary is a "formidable barrier in any subsequent collateral proceedings" because "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629 (1977).

We first note that the crux of the petitioner's appellate argument, that her trial and post-conviction counsel were ineffective by failing to highlight the discrepancies between the petitioner's sentence as reflected in her judgment forms and the sentence she is currently serving, has been raised for the first time on appeal. We further note that although each of the petitioner's four judgment forms indicate that the petitioner is a standard offender with a 30 percent release eligibility date, each form also includes a notation that the petitioner's sentence is "[t]o be served at 100% pursuant to T.C.A. 39-17-432." Therefore, although the judgment forms should include a checked "school zone" box under the release eligibility category, we find that the information contained on the judgment forms is sufficient to properly instruct the TDOC regarding the nature of the petitioner's imposed sentences. *See* Tenn. R. Crim. P. 36 (mere clerical errors in judgments may be corrected by court order).

At her post-conviction petition hearing, the petitioner claimed that her trial counsel provided ineffective assistance by failing to properly advise her of her release eligibility dates. Trial

counsel did not testify at the post-conviction hearing, and the petitioner testified that counsel advised her that she would receive as much "good time credit" as TDOC allowed, which she understood to be 16 days per month. She was surprised and upset when she learned that TDOC would only allow her "good time credit" to reduce her sentence by 15 percent. On this basis, the petitioner argues that her guilty pleas were not knowingly and intelligently entered.

However, the petitioner has failed to include a transcript of her plea submission hearing in the record before us, thereby precluding our review of the voluntariness of her pleas and ultimately her claim of ineffective assistance of trial counsel. *See* Tenn. R. App. P. 24(b) (instructing that the appellant bears the burden of preparing an adequate record for appellate review). Furthermore, relying exclusively on the post-conviction hearing in which the petitioner was the sole witness, we hold that the petitioner has not rebutted the strong presumption of competent representation. *See Barr*, 910 S.W.2d at 464. She did not testify that counsel provided her with erroneous information about her release eligibility date; rather, she testified that she misunderstood counsel's advice.

When questioned by the assistant district attorney general, the petitioner admitted that before accepting her pleas, the trial court informed her that she would be required to serve 100 percent of her effective sentence and that she responded negatively when asked by the court if she had any questions about her release eligibility.

In sum, we hold that the petitioner has failed to prove by clear and convincing evidence that she received ineffective assistance of counsel or that she unknowingly pleaded guilty to the instant crimes. *See* Tenn. Code Ann. § 40-30-110(f).

_____
JAMES CURWOOD WITT, JR., JUDGE