**James Robert OLIPHANT, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Jan. 24, 1991.

Permission to Appeal Denied by Supreme Court March 11, 1991.

Francis X. Santore, Jr., Greeneville, for appellant.

Charles W. Burson, Atty. Gen. and Gordon W. Smith, Asst. Atty. Gen., Nashville, David Crockett, Dist. Atty. Gen. and William R. Mooney, Asst. Dist. Atty. Gen., Johnson City, for appellee.

## OPINION

TIPTON, Judge.

The petitioner, James Robert Oliphant, appeals as of right from the denial of his post-conviction petitions by the Criminal Court of Washington County. He is serving a life sentence as an habitual criminal following his 1986 conviction for burglary of an automobile. That conviction was affirmed on direct appeal in *State v. Oliphant*, No. 228, Washington Co., 1987 WL 18383 (Tenn.Crim.App., Knoxville, Oct. 14, 1987) and permission to appeal was denied by the Tennessee Supreme Court on December 28, 1987.

The various petitions seek to void the 1986 conviction and previous convictions used to establish the habitual criminality. His claims can be grouped into three categories:

(1) Pinellas County, Florida—three convictions upon *nolo contendere* pleas in 1977 and 1980 for burglary, involun-

tary sexual battery and a second burglary were not knowingly, voluntarily and intelligently made.

(2) Washington County, Tennessee—three convictions upon guilty pleas in 1984 for second degree burglary, receiving stolen property under $200.00 and concealing stolen property over $200.00 were not knowingly, voluntarily and intelligently made.

(3) Washington County, Tennessee—the 1986 conviction for burglary of an automobile resulted from the ineffective assistance of counsel.

The trial court[1] held that it had no jurisdiction to determine the validity of the Florida convictions, that the Tennessee guilty pleas were taken in substantial compliance with the law, and that the petitioner received the effective assistance of counsel. We agree with the trial court's findings.

■ The petitioner asserts that the Tennessee courts should have jurisdiction to determine the validity of the Florida convictions which were used to enhance the sentence in his Tennessee case. Further, he claims that it violated due process and equal protection to require him to attack these convictions in Florida. The petitioner submitted transcripts reflecting the *nolo contendere* plea hearings which occurred in Florida. He, likewise, proved that he filed a motion for post-conviction relief in Florida on July 24, 1989, attacking the convictions. The record reflects that the Circuit Court for Pinellas County, Florida, dismissed the motion as untimely since the judgment became final more than two years before the filing of the motion. Thus, the petitioner's motion was time-barred in Florida.

The Post–Conviction Procedure Act was enacted to allow prisoners a procedure for relief when their conviction is void or voidable because of abridgement of a Tennessee or Federal constitutional right. T.C.A. § 40–30–105. Its authority and limitations are derived solely from the legislature and are not constitutionally mandated. The history of the Act's development shows that its purpose is to provide for collateral attack on *Tennessee* convictions. *See* Anderson, *Post–Conviction in Tennessee—Fourteen Years of Judicial Administration under the Post–Conviction Procedure Act,* 48 Tenn.L.Rev. 605 (1981).

■ By its terms, the Act requires the petition to be filed "with the clerk of the court where the conviction occurred." T.C.A. § 40–30–103(a). Filing in the county of conviction is a jurisdictional prerequisite and no other county has jurisdiction to hear such a petition. *Luttrell v. State,* 644 S.W.2d 408 (Tenn.Crim.App.1982). Thus, Washington County had no jurisdiction to determine a petition from another Tennessee county, much less one from a sister state.

■ It is true that the use of prior convictions to enhance punishment may bring into question the constitutional validity of the prior convictions. In *State v. Prince,* 781 S.W.2d 846, 851 (Tenn.1989), our Supreme Court stated that an habitual criminal conviction with resulting life sentence is void if the prior convictions upon which it is based are constitutionally invalid. However, *Prince* outlined the procedural requirements in order to have the issue of the validity of the enhancing convictions resolved in post-conviction cases. In this regard, it is clear that a prisoner, in his attack on the habitual criminal conviction, may submit evidence showing that the prior judgment of conviction is (1) invalid on its face[2] or (2) has been held invalid by

1. The judge designated to hear the petition was the original judge in the 1986 automobile burglary case and the 1984 cases involving guilty pleas. T.C.A. § 40–30–103(b) requires the original judge to hear the petition involving the ineffective assistance of counsel claim (the automobile burglary case), but, likewise, requires a different judge to hear post-conviction petitions not raising counsel's ineffectiveness (the 1984 cases). However, the record reflects that petitioner and his counsel were aware of this law and their proceeding to hearing before the original judge on the consolidated petitions constitutes a waiver of any bar to the original judge presiding over the 1984 guilty plea cases. *See* Woodson v. State, 608 S.W.2d 591 (Tenn.Crim. App.1980).

2. In fact, such a *facially* invalid judgment of conviction may not be used to enhance punishment in the first instance and the determination of facial invalidity can be made by the court

judgment of a court having jurisdiction to void the conviction. *See State v. Prince, supra,* at 851. Otherwise, the initial post-conviction attack on a facially valid enhancing conviction cannot be maintained in the habitual criminal post-conviction case and must be brought in the court where the conviction occurred. *State v. Prince, supra,* at 852; T.C.A. § 40–30–103(a).

■ The petitioner fails to explain how his rights to equal protection under the law and to due process have been violated other than saying that T.C.A. § 40–30–103(a) forces him to attack the Florida convictions in a forum in which the attack appears to be time-barred, when the plea transcripts clearly show constitutionally infirm pleas. His contentions are misplaced for several reasons.

First, by his own admission, he had the right to attack his prior convictions in Florida, but failed to do so in the time allowed. The Tennessee Post–Conviction Procedure Act did not prohibit him from timely attacking these convictions. Second, there is a legitimate, rational basis for limiting a post-conviction case to the county in which the conviction occurred as required in T.C.A. § 40–30–103(a). It fosters administrative convenience in that the record of the original proceedings and many witnesses are more convenient and more readily available to the parties. *Luttrell v. State, supra,* 644 S.W.2d at 410.

■ In cases such as this, where a record of a plea and resulting conviction does not appear to show full compliance with *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the state is entitled to produce extrinsic evidence and witnesses, including the petitioner's trial attorney, the prosecutor, and the trial judge, to show that the plea was in fact intelligently and voluntarily entered. *See Dunn v. Simmons,* 877 F.2d 1275, 1277 (6th Cir.1989). The difficulty in litigating these issues in Tennessee is obvious and Pinellas County, Florida, is the more practical forum. The petitioner has not been

the victim of arbitrary class or special legislation nor has he been denied due process of law.

■ The petitioner contends that the 1984 Washington County guilty pleas were invalid since the trial court failed to comply with a portion of *State v. Mackey,* 553 S.W.2d 337 (Tenn.1977) by not warning him about the possibility of a perjury prosecution if he answered falsely and by not advising him that there would be no further trial if he pleaded guilty. Although such omissions may have afforded the petitioner relief in a direct appeal from such convictions, these requirements are not of constitutional dimension and can afford no post-conviction relief. *State v. Frazier,* 784 S.W.2d 927 (Tenn.1990). The record amply shows that the petitioner's pleas were voluntarily, knowingly and intelligently made.

Finally, the petitioner asserts that his trial attorneys in the automobile burglary case were ineffective. He claims counsel (1) failed to challenge the racial composition of the jury venire, (2) failed to seek suppression of certain evidence, (3) failed to interview witnesses, (4) failed to subpoena a certain witness, (5) failed to hold a jury-out hearing on his prior convictions and (6) "forced" him to testify while knowing his prior convictions could be used against him.

■ There was no proof presented regarding the first two claims at the hearing. In a post-conviction case, the burden is on the petitioner to prove his allegations by a preponderance of the evidence. *Turner v. State,* 698 S.W.2d 90, 91 (Tenn.Crim. App.1985). Further, the proof showed that the trial attorneys conducted the preliminary hearing, interviewed witnesses, and procured an alibi witness. As to subpoenaing a certain witness, the proof showed that the attorneys interviewed her and reasonably resolved that her use as a witness would not be helpful. Ordinarily, trial tactics based upon adequate preparation of a

which is presiding at the trial of the triggering offense. *See State v. McClintock,* 732 S.W.2d

268 (Tenn.1987).

case do not give rise to second-guessing in the context of an ineffective assistance of counsel claim. *Hellard v. State*, 629 S.W.2d 4, 9–10 (Tenn.1982). Further, the witness's testimony at the post-conviction hearing was not of such significance to bring into question the decision not to subpoena her.

■ As to the prior convictions and the petitioner's testifying, it was shown that the petitioner had signed an affidavit recognizing his choice to testify, his desire to exercise such choice, and the likelihood of his prior convictions being admissible. The convictions in question are of such a nature that they would generally be admissible for impeachment purposes. *State v. Morgan*, 541 S.W.2d 385 (Tenn.1976). It appears that the petitioner's attorneys disclosed the convictions to the jury during voir dire in order to determine their effect on prospective jurors and to deflate their impact. Such disclosure was a legitimate tactical decision since the petitioner testified at the trial. Finally, there was substantial proof from which the trial court could determine that the petitioner was not coerced into testifying.

■ On appeal, the factual findings of the trial court are conclusive unless the evidence preponderates against such findings. *Turner v. State, supra*, at 91. We find ample support in the record for the trial court's findings and conclusions in this case. The judgment is affirmed.

BIRCH and WADE, JJ., concur.