IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 19, 2002

**AARON BURTON v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Hamilton County**
**No. 234418     Douglas A. Meyer, Judge**

**No. E2001-02670-CCA-R3-PC**
**April 4, 2002**

The Defendant, Aaron Burton, pled guilty to second degree murder in 1997. He subsequently filed for post-conviction relief, alleging ineffective assistance of counsel. After a hearing, the Defendant's petition was denied, and this Court affirmed the trial court's judgment. See Aaron Burton v. State, No. E1999-01616-CCA-R3-CD (Tenn. Crim. App., Knoxville, March 31, 2000). The Defendant subsequently filed the instant proceeding, styled "Petition for Post-Conviction Relief and/or to Reopen." Finding that the Defendant failed to establish any grounds for reopening his previous petition, the trial court denied relief. The Defendant now appeals. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and ROBERT W. WEDEMEYER, J., joined.

Aaron Burton, Pikeville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; and Bill Cox, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Tennessee's Post-Conviction Procedure Act provides for the filing of only one petition for post-conviction relief. See Tenn. Code Ann. § 40-30-202(c). Where a prior petition has been filed and resolved on the merits, "any second or subsequent petition shall be summarily dismissed." Id. However, "[a] petitioner may move to reopen a post-conviction proceeding that has been concluded, under the limited circumstances set out in § 40-30-217." Id. These circumstances include "new scientific evidence establishing that [the] petitioner is actually innocent of the offense." Id. § 40-30-217(a)(2).

The Defendant's motion to reopen alleges that he has "new evidence to prove his innocence." This "new evidence" consists of "sworn statements from both alleged co-defendants . . . stating that they lied to police and that Petitioner had nothing to do with this case and was not involved." The trial court found that this alleged basis for reopening the Defendant's prior petition did not meet the statutory criteria for new evidence, and denied the Defendant's motion. The Defendant now appeals, arguing that the statute "precludes all persons from seeking relief from their incarceration based upon newly discovered evidence that is not scientific," and therefore offends constitutional principles of due process and equal protection. We respectfully disagree.

We first note that this Court "must presume that an act of the General Assembly is constitutional and must uphold the constitutionality of a statute whenever possible." State v. Robinson, 29 S.W.3d 476, 479-80 (Tenn. 2000). We further note that "[e]qual protection constitutional provisions guarantee that 'all persons similarly circumstanced shall be treated alike.'" Id. at 480. The Defendant contends that the statute at issue violates equal protection principles because it differentiates between those defendants who can challenge their convictions based on newly discovered scientific evidence and those defendants who can challenge their convictions on newly discovered non-scientific evidence.

The Defendant's argument must fail. The statute providing for the reopening of prior post-conviction proceedings does not distinguish between convicted defendants, persons who are "similarly circumstanced." That is, it does not classify convicted defendants differently from one another on any prohibited basis: the evil at which our constitutional provisions for equal protection are aimed. Any and all defendants -- regardless of their locations, personal attributes, voting records, etc. -- who obtain newly discovered scientific evidence establishing their innocence, may reopen a prior petition for post-conviction relief. There simply is no constitutional basis requiring that every convicted defendant who has filed a petition for post-conviction relief, be allowed to later reopen same upon a simple allegation of "newly discovered evidence." Indeed, the "authority and limitations [of the Post-Conviction Act] are derived solely from the legislature and are not constitutionally mandated." Oliphant v. State, 806 S.W.2d 215, 217 (Tenn. Crim. App. 1991).

It is the Defendant's burden to demonstrate that the challenged statute contains an unreasonable legislative classification. See State v. Whitehead, 43 S.W.3d 921, 926 (Tenn. Crim. App. 2000). The Defendant has not carried this burden. Nor has he demonstrated that the statute violates due process. Accordingly, we find the Defendant's contentions to be without merit. We further find that the trial court did not abuse its discretion in denying the Defendant's motion to reopen his prior post-conviction petition. See Tenn. Code Ann. § 40-30-217(c).

The judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE

-2-