# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### APRIL SESSION, 1998

FILED

April 6, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

WILLIE L. PEGUES,              )
                              )
        Appellant             )     No. 02C01-9705-CR-00182
                              )
                              )     SHELBY COUNTY
vs.                           )
                              )     Hon. JOSEPH B. DAILEY, Judge
STATE OF TENNESSEE,           )
                              )     (Post-Conviction)
        Appellee              )

For the Appellant:

**Loys A. "Trey" Jordan, III**
4171 Lamar Avenue, Suite 101
Memphis, TN   38118

For the Appellee:

**John Knox Walkup**
Attorney General and Reporter

**Kenneth W. Rucker**
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

**William L. Gibbons**
District Attorney General

**James M. Lammey**
Asst. District Attomey General
Criminal Justice Complex, Suite #301
201 Poplar Street
Memphis, TN  38103

OPINION FILED: _____

AFFIRMED

**David G. Hayes**
Judge

**OPINION**

The appellant, Willie L. Pegues, appeals the denial of his petition for post-conviction relief by the Shelby County Criminal Court. He is currently serving a life sentence in the Department of Correction imposed as a result of his 1991 conviction for the felony murder of Nore Bolar.[1] His conviction was affirmed on direct appeal to this court. See State v. Pegues, No. 02C01-9202-CR-00040 (Tenn. Crim. App. at Jackson, Mar. 9, 1994), perm. to appeal denied, (Tenn. Jul. 5, 1994). In February 1995, the appellant filed a *pro se* petition for post-conviction relief. After counsel was appointed, an amended petition was filed. Following a hearing on the merits, the trial court denied the post-conviction petition. In this appeal as of right, the appellant argues ineffectiveness of counsel at trial and on appeal. Specifically, he contends that trial counsel failed to adequately prepare for trial and failed to file a written motion to suppress; and, that appellate counsel failed to challenge the admissibility of the appellant's statements to the police. In a separate, but related issue, the appellant argues that the trial court improperly admitted into evidence his statement to the police.

After a review of the appellant's issues, we affirm the decision of the trial court.

**Evidence at Post-Conviction Hearing**

In support of the allegations in his petition, the appellant presented the testimony of his mother, Frances Pratcher. She testified that she was present when police officers arrested her son, who was seventeen years old. Ms. Pratcher asserted that the appellant was not advised of his right to counsel or his right to remain silent. The

---

[1]The appellant's conviction resulted from the July 1990 beating death of eighty-one year old Nore Bolar. In a signed statement to police officers, the appellant related that he completed an errand for the eighty-one year old Bolar and then watched television with her at her home. The appellant admitted that he then murdered the victim with a sheetrock hammer and an ax and proceeded to take over three hundred dollars in cash and a beige telephone from her residence.

2

appellant was then placed in a patrol car and transported, accompanied by his mother, "downtown." At the station, the appellant was placed in a room while his mother remained outside in the hall. Frances Pratcher stated that she was not permitted to enter the room. Despite allegations that Ms. Pratcher had signed the appellant's statement to the police, she stated that the only paper which she signed was a consent to search her home. Additionally, regarding trial counsel's performance, Ms. Pratcher asserted that trial counsel only contacted her once prior to trial. Furthermore, even though Ms. Pratcher could supply her son with an alibi, trial counsel refused to develop this defense maintaining that "it was too late" to be used at trial.

The appellant corroborated his mother's testimony. He stated that he was never advised as to the reason for his arrest and was never advised of his right to counsel or his right to remain silent. In fact, the appellant testified that the only reason he provided a statement was so "[he] would be able to leave." On cross-examination, the appellant conceded that he was advised of his rights prior to his statement. However, he subsequently recanted his testimony, stating that his rights were not read to him until after he gave his statement.

The appellant stated that Betty Thomas was appointed to represent him at trial. He testified that Ms. Thomas only met with him three times prior to trial for a total of about an hour. He related that a written motion to suppress was not filed by Ms. Thomas, although he conceded that an oral motion was made and a hearing held on that motion. He verified that the only issue raised on direct appeal challenged the sufficiency of the evidence, although other issues existed which he would have wanted raised on appeal.

The State introduced the testimony of Betty Jo Thomas, the appellant's trial counsel. Ms Thomas, a veteran member of the Shelby County Public Defender's Officer, testified that she visited the appellant "quite a few times because he was a

juvenile at the time." She stated that the appellant did not have any witnesses, and although he supposedly was with some friends at the time of the murder, these friends were State witnesses. Ms. Thomas further indicated that she only learned about the purported alibi during Ms. Pratcher's post-conviction testimony.

Regarding the motion to suppress, Ms. Thomas testified that she recalled filing a boilerplate motion to suppress, although she did not have a copy of the motion in her possession. She explained that, "because of the age of the case," the file was sent to the archives and could not be located. She conceded that this motion may have been during a juvenile remand, which included an extensive hearing on the suppression issue. She stated that a written motion was not required by the court and that a hearing on an oral motion was held prior to trial. She explained that she waited until the day of the trial to pursue the motion because she was waiting for a psychological evaluation of the appellant, which would have indicated his competency at the time the statement was made.

The trial court denied the appellant's petition. Specifically, the trial court held, in portions relevant to the present appeal:

> With regard to the Motion to Suppress, everyone is in agreement that an oral motion to suppress was lodged and a hearing was held pursuant to that motion. The motion was denied and the case proceeded to trial. Trial counsel gave full and adequate explanations for why a written motion to suppress was not filed and why the matter was not heard until the day of trial. This case had been pending for quite some time and had involved a thorough juvenile remand hearing as well as numerous psychiatric evaluations and other hearings that necessitated a delay in actually hearing the Motion to Suppress.
>
> With regard to the complaint that there were too few meetings between the attorney and client, trial counsel stated that she met on numerous occasions with the defendant and consulted with him both in regard to pre-trial preparation and simply to reassure him that work was being done on his case. In addition to the meetings in the jail that were conducted, there were no less than 16 in court report dates during which time the two met.
>
> . . .

4

For all of these reasons . . . trial counsel . . .provided through and outstanding representation . . . and . . .her representation far exceeds the minimum standards . . . .


## Analysis


In post-conviction proceedings, the appellant must prove the allegations contained in his petition by a preponderance of the evidence.[2] State v. Kerley, 820 S.W.2d 753, 755 (Tenn. Crim. App.), perm. to appeal denied, (Tenn. 1991); Oliphant v. State, 806 S.W.2d 215, 218 (Tenn. Crim. App.), perm. to appeal denied, (Tenn. 1991). Findings of fact and conclusions of law made by the trial court are given he weight of a jury verdict, and, this court is bound by those findings unless the evidence contained in the record preponderates otherwise. Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990); Teague v. State, 772 S.W.2d 932, 934 (Tenn. Crim. App. 1988), cert. denied, 493 U.S. 874, 110 S.Ct. 210 (1989). This court may not reweigh or reevaluate the evidence or substitute its inferences for those drawn by the trial court. Questions concerning the credibility of witnesses and the weight and value to be given their testimony are for resolution by the trial court. Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990).


In his first challenge, the appellant argues that "the trial court erred in allowing the statements made by the defendant, while in police custody, to be admitted into evidence." The trial court correctly observed that this issue was not raised on direct appeal and is, therefore, waived. See Tenn. Code Ann. § 40-30-112(b)(1) (*repealed* 1995). However, the appellant also frames this identical issue as an ineffective assistance claim, arguing that appellate counsel was ineffective for failing to challenge the admissibility of his confession. Initially, we note that the appellant failed to raise the issue of ineffective appellate counsel in his petition for post-conviction relief and he

_____

[2]The appellant's *pro se* petition was filed on February 20, 1995. Accordingly, the appellant's burden of proof was by a "preponderance of the evidence." See Tenn. Code Ann. § 40-30-105 (*repealed* 1995).

5

failed to argue it before the trial court.[3]   Issues not raised in a petition for post-conviction relief cannot be raised for the first time on appeal.  A post-conviction petition "must necessarily rest upon and be determined by the factual allegations it contains." Lofton v. State, No. 02C01-9603-CR-00073 (Tenn. Crim. App. at Jackson, Mar. 7, 1997), perm. to appeal denied, (Tenn. Oct. 6, 1997).  See also  Thomas v. State, No. 02C01-9408-CR-00167 (Tenn. Crim. App. at Jackson, Mar. 22, 1995), perm. to appeal denied, (Jul. 10, 1995).  Moreover, the appellant has also failed to prepare an adequate record; further precluding review of this issue on its merits.[4]  See  Tenn. R. App. P. 24.  A determination as to the substance of a claim is essential to the determination of whether counsel's failure to raise an issue on direct appeal amounted to deficient performance or that counsel's failure to raise this issue prejudiced the appellant.[5]  See Kimmelman v. Morrison, 477 U.S. 365, 375, 106 S.Ct. 2574, 2583 (1986) (to prevail on ineffectiveness claim involving counsel's failure to raise legal issue on appeal, defendant must show that issue has merit.).  Accordingly,  the issues relating to the merits of the motion to suppress and failure to raise the issue on appeal are waived.

### I.  Ineffectiveness of Trial Counsel

In his only issue properly before this court, the appellant contends that trial counsel was ineffective for failing to file a written motion to suppress and for failing to adequately prepare for trial.  To succeed in such a challenge, the appellant must show

---

[3]In establishing the ineffectiveness of appellate counsel, the burden upon the appellant is no different than establishing the ineffectiveness of trial counsel.  The appellant must prove the allegation; an allegation standing alone does not constitute proof.  See  Clenny v. State, 576 S.W.2d 12 (Tenn. Crim. App.1978), cert. denied, 441 U.S. 947, 99 S.Ct. 2170 (1979).  Indeed, there is the presumption that counsel was effective.  See  Barr v. State, 910 S.W.2d 462, 464 (Tenn. Crim. App.), perm. to appeal denied, (Tenn. 1995).  Appellate counsel was not called to testify at the hearing, therefore, we are without the benefit of his reasons for failing to raise this issue on appeal.  Clearly, one such reason could be that appellate counsel believed the issue to be without merit.  Nonetheless, we are not permitted to speculate as to whether appellate counsel was deficient.

[4]We note that the appellant makes numerous references in his brief to the trial transcript. However, he has failed to include the transcript in the present record, rendering such references to the record meaningless.

[5]Although not conclusive to the issue, the record indicates that the appellant signed a written waiver of his constitutional rights.

that counsel's representation fell below the range of competence demanded of attorneys in criminal cases, Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975), and, that, but for these errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068 (1984); State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn.), cert. denied, 493 U.S. 874, 110 S.Ct. 211 (1989). Again, on post-conviction review, there is a strong presumption of satisfactory representation, Barr, 910 S.W.2d at 464, and the appellant bears the burden of proving his allegations by a preponderance of the evidence. Taylor v. State, 875 S.W.2d 684, 686 (Tenn. Crim. App. 1993), perm. to appeal denied, (Tenn. 1994).

### i. Failure to File Written Motion to Suppress

Again, focusing on the admissibility of his confession, the appellant asserts that trial counsel was ineffective for failing to file a written motion to suppress according to Rule 6 of the Shelby County Criminal Court Local Rules of Practice and Procedure. Although the appellant concedes that an oral motion to suppress was made and heard by the court, he argues that this procedural "deviation" resulted in deficient performance. Whether the trial court permitted admission of the appellant's statement to the police following an oral motion or a written motion is of no consequence. Under these facts, neither deficient performance nor prejudice is found. This issue is without merit.

### ii. Failure to Prepare for Trial

In his final allegation, the appellant contends that trial counsel failed to meet with him to prepare for his defense. Specifically, he claims that counsel only met with him for a cumulative one hour period prior to trial. He asserts that this failure to meet with him is indicative of her overall representation of the appellant. The trial court found that counsel had met with the appellant "numerous times." The evidence in the record does not preponderate against these findings. This issue is without merit.

For the reasons discussed herein, the order of the trial court denying the appellant's petition for post-conviction relief is affirmed.


_____
DAVID G. HAYES, Judge


CONCUR:


_____
WILLIAM M. BARKER, JUDGE


_____
JOE G. RILEY, JUDGE