IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 24, 2018

## JAMES ROBERT OLIPHANT v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Johnson County**
**No. CC-17-CR-127    Lisa N. Rice, Judge**

_____

### No. E2017-02147-CCA-R3-HC
_____

The petitioner, James Robert Oliphant, appeals the summary dismissal of his petition for writ of habeas corpus, which challenged his 1983 Washington County Criminal Court conviction of assault with intent to commit second degree murder. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

James Robert Oliphant, Mountain City, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; and Jeffrey D. Zentner, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

The petitioner, originally charged by the Washington County Grand Jury in case number 14673 with burglary and assault with intent to commit first degree murder, was convicted of assault with intent to commit second degree murder in the Washington County Criminal Court in 1983 and received a three-year sentence. The petitioner's trial was apparently held in Unicoi County, and the judgment form states that the judgment was entered in the Criminal Court for Washington County, Tennessee "being held in Unicoi County, Tennessee." In 1986, the petitioner was convicted of burglary of a vehicle in case number 15965, for which he received a sentence of life imprisonment as a habitual offender. *See State v. James Robert Oliphant*, No. 228 (Tenn. Crim. App., Knoxville, Oct. 14, 1987), *perm. app. denied* (Tenn. Dec. 28, 1987). During the sentencing phase of that trial, the State proved that the petitioner "had been convicted on one occasion in Florida for burglary and involuntary sexual battery, on a second

occasion, in Tennessee, for second degree burglary and receiving stolen property, and [in case number 14673], also in Tennessee, for assault with intent to commit murder." *Id*. The petitioner then unsuccessfully sought post-conviction relief, in which he asked the court "to void the 1986 conviction and previous convictions used to establish habitual criminality," but his conviction in case number 14673 was not included in that petition. *Oliphant v. State*, 806 S.W.2d 215, 216 (Tenn. Crim. App. 1991).

On September 15, 2017, the petitioner filed a petition for writ of habeas corpus, claiming that the trial court lacked jurisdiction because his crime was committed and charged in Washington County but he was convicted in Unicoi County. In addition, the petitioner argued that his 1983 conviction was erroneously used to enhance his sentence in case number 15965. The habeas corpus court summarily dismissed the petition, concluding that the petitioner had failed to state a cognizable ground for habeas corpus relief.

In this appeal, the petitioner reiterates his claim that the trial court lacked jurisdiction and that his void conviction was improperly used to enhance his later sentence. The State responds that the habeas corpus court's dismissal was appropriate because the petitioner failed to state a cognizable claim for habeas corpus relief.

"The determination of whether habeas corpus relief should be granted is a question of law." *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007) (citing *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000)). Our review of the habeas corpus court's decision is, therefore, "de novo with no presumption of correctness afforded to the [habeas corpus] court." *Id.* (citing *Killingsworth v. Ted Russell Ford, Inc.*, 205 S.W.3d 406, 408 (Tenn. 2006)). The writ of habeas corpus is constitutionally guaranteed, *see* U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15, but has been regulated by statute for more than a century, *see Ussery v. Avery*, 432 S.W.2d 656, 657 (Tenn. 1968). Tennessee Code Annotated section 29-21-101 provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101. Despite the broad wording of the statute, a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery*, 432 S.W.2d at 658; *State v. Galloway*, 45 Tenn. (5 Cold.) 326 (1868). The purpose of the state habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968). A void conviction is one which strikes at the jurisdictional integrity of the trial court. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *see State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

To obtain release from custody via a habeas corpus proceeding, the petitioner must establish that he is imprisoned or restrained of his liberty "as a direct consequence" of the judgment being challenged. *Hickman v. State*, 153 S.W.3d 16, 24 (Tenn. 2004). "Use of the challenged judgment to enhance the sentence imposed on a separate conviction is not a restraint of liberty sufficient to permit a habeas corpus challenge to the original conviction long after the sentence on the original conviction has expired." *Id.* at 23.

In our view, the petitioner has failed to establish entitlement to habeas corpus relief. His sentence in the challenged conviction expired over 30 years ago, and its use to enhance his sentence in case number 15965 was "merely a collateral consequence" of the judgment at issue. *Id.* at 24. Thus, "habeas corpus is not an appropriate avenue for seeking relief." *Id.* at 23. Moreover, nothing indicates that the judgment at issue is facially invalid. The judgment reflects that it was entered in the Criminal Court for Washington County, Tennessee "being held in Unicoi County, Tennessee." The petitioner offers nothing aside from his bald assertion that he never consented to the change of venue, and "a petitioner is not entitled to habeas corpus relief unless that petitioner can show *from the record or the face of the judgment* that the court of conviction lacked jurisdiction or is otherwise void." *State v. Ritchie*, 20 S.W.3d 624, 631 (Tenn. 2000) (emphasis added).

Although "[a] petition for habeas corpus may be treated as a petition [for post-conviction relief] when the relief and procedure . . . appear adequate and appropriate," T.C.A. § 40-30-105(c), the instant petition was filed more than 30 years after the petitioner's challenged judgment became final, which is well outside the one-year statute of limitations, *see* T.C.A. § 40-30-102(a). Furthermore, neither the statutory grounds nor due process principles mandate the tolling of the statute of limitations.

The petitioner has failed to establish a cognizable ground for habeas corpus relief. Accordingly, we affirm the judgment of the habeas corpus court.

_____
JAMES CURWOOD WITT, JR., JUDGE